07-15-00050-CV

KENNETH G. WEBB
TDCJ # 1454974
899   FM 632
KENEDY. TX. 78119-4516

DATE: _Feb. 6,_____2015

MS. PEGGY CLUP, CLERK OF COURT
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS

FILED
FEB 06 2015
SEVENTH COURT OF APPEALS
_____ LONG CLERK

DEAR MS. CULP,

Please find herein my PETITION FOR THE ISSUANCE OF THE
WRIT OF MANDAMUS; for filing in the SEVENTH COURT OF APPEALS.
The petition for mandamus is brought concerning a probate matter
in the 84th Judicial District Court presided over by Judge William
Smith.  The Cause Number in the trial court is :CV04982 and
concerns the Estate of Rellis Leon Easley in which I, Kenneth
Webb am the sole heir.

This Motion for the Writ of Mandamus consist of 165 pages.
Sixteen (16) is the actual Motion and 149 pages are documents
of the trial court and its representatives. In support of the
mandamus requesting the Seventh Court of Appeals to Order the
Honorable Judge Smith of the 84th Court of Hansford County, Texas
to rule on the probate case which has been before the bench since
2008.

*** Please date stamp this Cover Letter and return to me for
mu files showing that it has been filed and paid for. Thank you
for your time and consideration.

Respectfully,

Kenneth Webb #154974
CONNALLY UNIT
899   FM 632
KENEDY, TX. 78119-4516



*   *   *   *   *   §   *   *   *   *   *

§
§
§          WILLIAM SMITH, JUDGE
§
KEMMETH GLENN WEBB,          §          84th JUDICIAL DISTRCT
§
RELATOR          §          HANSFORD COUNTY, TEXAS
§
§·          RESPONDANT
§
§

*   *   *   *   *   *⌐   *   *   *   *   *


PETITION FOR THE ISSUANCE OF

THE WRIT OF MANDAMUS

*   *   *   *   *   *   *   *   *   *   *   *   *


CASE NUMBER:-⌐.............................



Relator: Kenneth Glenn Webb

    TDCJ-ID 1454974

    895   FM   632

    KENEDY, TX. 78119-4516


Respondant: Judge William Smith

    84th Judicial District Court

    P. O. Drawer 3437

    STINNETT, TX. 79083

RELATOR:                              RESPONDANT:

KENNETH G. WEBB                       WILLIAM SMITH, JUDGE

TDCJ # 1454974                        84th JUDICIAL DISTRICT

899   FM 632                          P. O. DRARWE 3437

KENNEDY, TX. 78119                    STINNETT, TX. 79083

                  ☒ ☒ ☒ ☒ ☒ ☒ ☒ ☒ ☒


## I N D E X

| EXHIBIT # | EXB PAGE # | MANDAMUS P. | BRIEF DESCRIPTION |
|-----------|-----------|-------------|-------------------|
| 1 | 1-9 | 16-24 | WILL, ORDER OF TRANSFER HIRING OF EXECUTRIXT AND ATTORNEY BIGGERS |
| 2 | 1-2. | 25-26 | PROOF OF DEATH, R.L. EASLEY, ESTATE OF: |
| 3 | 1-27 | 27-50 | MOTION TO DISMISS LOU WALKER, EXECTURIX |
| 4 | 1-31 | 51-82 | MOTION TO DISMISS CECIL BIGGERS, ATTORNEY |
| 5 | 1-32 | 83-115 | MOTION TO VACATE IN-VALID OR ILLEGAL CHILD SUPPORT LIEN |
| 6 | 1-36 | 116-152 | MOTION FOR ACCOUNTING FOR THE ESTATE OF R.L.EASLEY |
| 7 | 1-12 | 153-165 | LETTERS AND DOCUMENTS TO AND FROM COURT CLERK AND JUDGE SMITH |

                * * * * * * * * * * * * * *

PAGE 1 through 12        WRIT OF MANDAMUS APPLICATION


PAGE 13,14,15,16         ARGUMENTS AND AUTHORITIES

- I -

# IN THE COURT OF APPEALS

## SEVENTH DISTRICT OF TEXAS AT AMARILLO

\* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | § | |
| | § | WILLIAM SMITH, JUDGE |
| KENNETH G. WEBB, | § | 84th JUDICIAL DISTRICT |
| RELATOR | § | HANSFORD COUNTY. TEXAS |
| | § | RESPONDANT |
| | § | |

– – – – – – – – – – – – – –

## PETITION FOR THE WRIT OF MANDAMUS

\* \* \* \* \* \* \* \* \* \* \* \*

Comes Now, Relator; Kenneth G. Webb, Before this Honorable Court and for good cause shown respectfully request the Courts issuance of the Writ of Mandamus in accordance with Texas Rules of Court and Texas Rules of Civile Procedure.

### \* I \*

Relator would put before the Court that his Motion for the Issuance for The Writ of Mandamus to Judge William Smith, 84th Judicial District for Texas. Hansford County should be granted and so Ordered concerning a Civil Probate Case; No. CV04982. which has been before his Court since March 19, 2009.

Relator is the Sole Heir to the Estate of Rellis Leon Easley. This case started in March, 2007 in the County Court of Hansford County, Texas. The Honorable Justice Benny Wilson had the Probate Case as No. P02514; Estate of Rellis Leon Easley. ( exb: 1 p. 1,2).  The case was transferred to the District Court of Hansford Couthy, Texas on March 19th, 2009. Judge W. Smith was the presiding Judge. (exb: 1 p. 3,4 )

II

Relator is the uncontested heir to his Fathers Estate; R.L. Easley in the now numbered CV04982 Probate Case. (exb # 1 p. 1,2 ). Which is Easleys last Will and Testemant and Proof of Death, (exb: 2 p. 1,2 ) Filed in Hansford County, Texas.

III

This same Court, with the agreement of Relator Ms. Lou Walker as Executrix on August 29. 2007. Attorney. Cecil Biggers was hired as Attorney for the R.L. Easley Estate. by Executrix. Lou Walker and paid for by Relator Webb. Both from Estate Funds and authorized by the Court. (exb; 3 p. 20 With Proof of Propriatorship, Interest and Control Over being established in the 84th Judicial District Court. (exb: 3 p. 1,2,3,4 ).

Relator contends that since he is the sole heir to the Estate of R.L.Easley, and as such he had to sign the authorization papers, pay Ms. Walker and Mr. Biggers; and that since Relator is the owner of this Estate that Ms. Walker and Mr Biggers are, in fact, working for him

2

And as such their duties should be preformed for Relator. (exb: 3 p. 4 ).

Relator contends that Ms. Wlaker and Attorney Biggers have both abandoned their psotions and duties to the Easley Estate and thus to Relator, and as such should be dismissed by the Court as Relator requested in his Motins to Dismiss Ms. Walker and Mr. Biggers. (exb: 3 p. 5 —through 15). Each have abused their authority and went beyond any authority bestowed upon them by either the Court or the Relator. And have actively worked against the interest of the Estate and Relator, as the sole heir of said Estate.

Along with the motions to dismiss the execturix and attorney. Relator has requested that Court oversight be conclued and the Estate turned over to Relators sole authority. (exb: 3 p. 5-15 ) Documents supporting Relators contentions are filed among the motions and pleadings resting in the 84th Judicial District Court. Both authorized and questionable financial transactions and relator contends flat out illegal activities by the exuctrix and attorney. (exb: 3 p. 16, 17, 18, 19)

Judge Smith has no cause, and no proper authority to NOT rule on Relators motions. No valid reason to keep delaying and prolonging this Probates Case R.L.Easley, and Relator Kenneth G. Webb.

3

Relator suffers and has suffered irreparable harm and loss from the Districts Court delays already. Without due cause. Their is no-one else who has a legal claim to the Easley Estate. Relator has preformed and paid for every action the Court' has instucted he do. Relator has kept a steady contact with the court and has provided all the documents he can. Served notices, and nothing seems to help the 84th District Court toward resolving a matter of Probabte before it for SIX (6) years now. (exb: 6 p. 1-37 ).

## IV

Relator would show this Honorable Court that the 84th Judicial District Court has Jurisdiction and that the failure of Judge Smith to rule. in a timely manner and settle the probate case before him is an abuse of discretion and harmful to the Relator.

Relator cannot have access to an accounting of his inherited estate without either the attorney or the executrix authorizing such . According to the bank the Estate is in. (exb. 4 p. 1 ) And as relator has shown, both these individuals have abandoned all duties to the estate and the relator. (exb. 3 p. 5-15 )

The complete failure of the 84th judicial District Court to rule on relators Motion to Dismiss Attorney Cecil Biggers and Executrix Lou Walker for good cause shown, that each has deserted the Estate after known and unkonow questionable financial transactions further causes irrepreable harm to Relator. (exb. 4 p. 2, 6, 7 )

4

Thus effectively allowing. at least: Mr. Biggers to misappropriate funds from the Estate and from the sale of property of the Estate, that should have been placed in the Estates account int  his own account. (exb. 4 p. 7)  Since there is a total lack of accounting, relator cannot say how much more property and funds has been absc onded with. Nor in fact whathas and is happening to the Relators inherited estate from his father, R.L. Easley.

Relator has attempted on numerous occasions; both directly and through the court to communicate with Mr. Biggers. (sxb. 4 p. 11 throos 32          ) Relator has received duplitious and hostile threatening letters from Mr. Biggers. As well as letters promising to resolve the matter he was hired for. (exb 4 p. 7,31    )

Such misleading responses and failure to assist Relator in even simply authorizing the bank to give him an accouting is negligence and unsettling at the eleast. And the failure of the court to rule on Relators motions  and to resovle a nearly decade old probabte case for no good cause and absolutely  no legal nor legitiamte reason raises more questions than it settles.  (exb 6 p. 1-37         )

V

Relator would show that his motion for the removal and dismissal of an Invalid or Unenforcable Child Suppot lien has been unecessarily delayed and has caused harm to Relator for an action that should never have been granted in the first place.  Such a delay is an abuse of discretion.

5

Relators inherited estate from his father R.L.Easley, No. CV04982 has been delayed by the demand of notices and services on an unenforcable child support lien. Which relator complied with. (exb. 7 p. 1-13   ) And then flat out denial by the 84th J.D.Ct. and Judge Smith. To finally totally ignoring the relators communication to the court. This probate case has been before the court for long enough. Surely the Court has no reason for such delays in an uncontested inheritance.

The Relator would show this Honorable that his Motion to Remove an Unlawful and Unenforcable Child Support Lien is supported by Case Law and Texas State Law as well.. That such laws are not in questin nor debatable in this instance. (exb 5   p. 1 THROUGH 12) EXB 5, P. 13-15).

Being that the origional child support issue was filed on Feb. 02, 1965.  That the last child of R.L. Easley became an adult im May of 1982. (exb.5   p. 16 THROUGH 24). And that his last court ordered child support payment was May 26, 1982.

That R.L. Easley's ex-wife did not file for an extention for time to collect any child support in arreage is not debated, during the legally allotted time.   But when in 2003, April 16. The court order Easley to pay arreage to A.K. Stinnette in the amount of $82,733.61 on an invalid Child SupportLien, Mr. Easley had his Estate  account raided for a substantila ammount.  Ms. A.K. Stinnette has never filed for. complaind of that which was or was not received.

6

Since this ruling and the payments to Ms. A.K. Stinnette the father of these two children, R.L. Easley has passed away. (exb# 2 p. 1,2 ). Their mother Ms. Stinnette has passed away as well. And the children. Debra Easley, now 53 years old, and Michale Easley, now 52 years old. Have not filed any pleadings. nor made any claims to the R. L. Easlet estate to which Relator Kenneth Webb is the Sole Heir. Recognised by the State of Texas and the Court. Even with relator paying for service and notice to each concerning his attempts to have the Probate case settled and turned over to him. (exb. 7 p. 4,5,6,7 )

This delay by the court has no legitimate nor legal reason to have existed in the first place. And certainly not for continuing for six (6) plus years. Any further delay will only enhance the irreparable harm already caused to the Relator and further hinder his attempts to get an accounting of and corrections made to the Estate.

## VI

Concerning Relator Webb Demand for an accounting of the R.L. Easley Estate. Deceased; to which relator is the sole heir This also has been before the 84th Judicial District Court and Judge Smith since 5-9-2011. The motion itself never being addressed. and at which time the Executrix Walker and Attorney Biggers had already deserted thir position in this case. which they had been hired to preform.(exb 3 p. 1, 2, 3, 4)

7

(exb 6 p. 4,5,6 ) Showing the relators Application
for Sale of Real Property. (exb 6 p. 8, 9 ) Verified Exhibit
Showing Condition of Estate; (exb 6 p. 16,17 ) Order of
Sale of Personal property; (exb 6 p. 10, 11 ) Report of
Sale; (exb 6 p. 12 )Decree confirming Sale. Relator
as the then owner of this Estate should have been given
and should have received updates of Transactions involving
the Estate. Certainly a full accounting in light of
Attorney Biggers own admission of mishandling funds from
sale of estates property. (exb 4 p. 7 ) And the fact
that Mr. Biggers and Ms. Walker had ceased to preform
thier duties to the estate and the relator. And had de-
serted the Estate, as far as relator knows. One. Ms.
Walker discontinuing all contact with relator. The other
Mr. Biggers misleading, lying, violtating ordered rules
and obligations and not so subtle threatening the rela-
tor. The 84th J.D.Ct. via Judge Smith should certainly
have ruled on this Motion as well. (exb 6 p. 8, 9, 10 - 13, 16, 19

Also letters to an from the Court. The Court Clerk,
the Judge W. Smith, and Mr. Biggers. (exb 7 p. 8, 9, 10, 11, 12, 13)
In which it would appear Relator Webb was given the run
around from the court and absolutely Mr. Biggers. And
especially since he appears to have kept $13,800 of the
sale of Homestead Property; Which was sold by Ms. Walker,
approved by the court. (exb 6 p. 23, EXB 6, p. 12
After giving Ms. Walker $5,000 from the sale. (exb 3 p. 4

8

And to which NO LIEN was attached nor claims made against. (exb. 6 p. 23A, 23B    ) Therefore in the least the monies from the sale of said Homestead property should have gone into the Relators father Estate account. Not into the .account of Mr. Biggers, to be supposedly doled out to the court or some mysterious person.  In fact the monies, being from the Sale of Homestead Property also inherited from Relators Father, being exempt from attatchment (exb 6  p. 8, 9  ) and having no liens nor claims on said property,  should have went to Relators personal account as it had no questionable liens filed against it. *exb 6 p. 10, 11    )

Added to these illegalities is the Bank in which the Relators Estate is being held has continually refused to give relator an accounting of his own esate funds and financial transactions. (exb. 6 p. 36, 37 ) Unless the Attorney Mr. Biggers or the Execturix Ms. Walker authorize the request.  And in fact Court ordered obligation to give relator and accounting periodically.

Added to this. The Courts ignoring the Relators request for an accounting, as it absolutely can authorize and order such.  Relators Motion to Dismiss both the Attorney and Executrix and for the Estate to be turned over to Relators and a full accounting to Relator and the Court should be so order. Irreprable harm is more than obvious in this case.

9

## VII

Relator would show this Honorable Court. in support of Petition for the Issuance of Writ of Mandamus further cause. Relator as made extensive contact with the 84th J. D. Ct. and Judge William Smith himself. (exb 7 p. 1 through 13 ) Concerning his inherited estate and the actions of the Attorney Biggers and Execturix Walker. As well as concerning his pleadings, motions and filings. And questioning his own; relators, obligations and the delays by the Court. (exb 7 p. 4-73 ) As well as numerous letters to the Court Clerk. Ms. Kim Vera.

This is exhibited by his Docket Book Report from the Court (exb 7 p. 1,2,3 ) Which presents most of the communication dates and brief mention of content in Case No. CV04982 in the 84th Judicial District Court in Hansford County. Texas.

These include but are not limited to his motions to Dismiss the Attorney C. Biggers as well as the Motion to dismiss the Execturix L. Walker for their abnadonment and failure to preform duties in the interest of the Estate of R. L. Easley and the relator. (exb. 3 p. 5 — 15 ) Also the relators Motion for an Accounting of the estate and his communications with the Judge and the Court concerning this matter. (exb 6 p. 1 - 3 (Exb7)

Attached also are several documents and letters to and from the Court showing the relators often sought inofrmation and asking and receiving information on how to proceed and complying with such. Only to be told by Judge W. Smith that the relator can address this matter when he got out of prison. (exb 7 p. 12, 13 ) And knowing that relator has a 75 Year sentence this is rather a strange way to handle a Probate Case, uncontested in any Court. (exb 7 p. 13 )

10

Thus once again relator asserts that it has been
an Abuse of Discretion, perhaps negligence of collusion
in continuing to delay a hearing and ruling on the Relators
motions before the 84th Judicial District Court. Whereas
credible documentary evidence has been presented to the
Court. None of which has been opposed nor answered from
Mr. Biggers nor Ms. Walker. And in fact, each being notifed
by the Relator and the Court (exb. 7 p. 2, 3 ) as reported
to Relator in a seemingly threatening manner by Mr. Biggers.
Certainly all parties are aware of relators intentions to
have the probate case CV04982 the matter of the Estate of
R. L. EASLEY To which Relator is heir and sole owner of.
be settled. The unnecessary delays are obvious, the reasons
for said delays obscure and questionable. Irreprable harm
has already been done to relator by the 84th J.D.Ct.
Relators respectfully request the Honorable Seventh Court
of Appeals. In the interest of Justice and ruling laws Grant
and issue his Mandamus request ordering the 84th J.D. Ct.
and Judge Smith to rule on his motions and dispose of the
probate case before it. So relator can either take control
of His Estate or proceed furthe through the courts. Which-
ever is necessary.

Again, there is no legitimate reason for the nearly
decade delay in concluding this case. No legal reason for
such a delay. And again raises questions about the handling
of this case.

11

## PRAYER
----------

Wherefore for good cause shown, Relator Kenneth G. Webb, respectfully comes before the Seventh Court of Appeals, in Amarillo Texas and request its consideration on the Petition for the Writ oof Mandamus be issued; Ordering the Honorable Judge Smith of the 84th Judicial District Court in Hansford County Texas. to rule on the motions that are before his court concerning the Estate of RELLIS LEON EASLEY #cv04982. To which Relator Webb is the sole heir too, as has been approved through this same court And is uncontested nor challenged on his ownership and receivership of said estate in any manner.

Relator would beg the Court to intervene and rule on his behalf as far as the 84th J.D.Ct. wanting to wait till relator is "out of prison" to rule on the case. Of which all Motions and Pleadings by relator are as complete, clear and legitimate as his ability to put them forth are.

Submitted this _____ day of January 2015.

### Verification

I. Kenneth Glen Webb, do hereby verify that the forgoing statements and papers in this, my PETITION FOR THE ISSUANCE OF THE WRIT OF MANDAMUS are true and correct to the best of my Knowledge. Executed this 6 day, of February 2015.

KENNETH GLEN WEBB
TDCJ# 1454974
899    FM 632
KENEDY, TX. 78119-4561

12

## ARGUEMENTS AND AUTHORITIES

Relator would show the Court the following:
Mandamus relief has and is an extraordinary remedy (In re Southwestern Bell Telegraph Co., LP. 235 S.W.2d, 619,623 Tex. 2007). Relator must show the trial Court clearly abused its discretion and that the relator has no adequate remedy by anneal. Inre Ford Motor CO. 988 S.W.2d 714,718 (Tx. 1998)

Under Texas Adminitrative Responsibility Rules, Rule &,6a; Safeguarding the rights of litigants to the just processing of their causes...utilize methods to expedite the disposition of cases on the docket of the court.

It is clear the the 84th J.D.Ct under Judge Smith is not doing anything near to this. As relator has shown he has been bewfore the court for over six (6) years and not one motion has been ruled on. Except to collect his monies paid to the court for citation services. That in fact, the Judge informed the relator that he can argue his case if he ever gets out of prison. Which in the rules of administrative duties for the Justices does not exist.

As the clear failure of the court to analyze or apply law correctly will constitute "abuse of discration" 856 S.W.2d, 780. As Judge Smith has ignored the fact that the Executrix and the Attorney he approved of have both abandonded the relator and the Estate of R. L. EASLEY they were paid to represent.

13

Likewise, there is an abuse of discretion of the trial courtwhen it acts without reference to any guiding rules and principles. Morrow v. H.E.B.,Inc. 714 S.W.2d 297. As the numerous times relator has asked the court of. an accounting of his inherited estate, informing the court of the Executrix'x and the Attorneys abandonment and in fact refusal to assist him in recieving an accounting. And the bank itself. Even though relator is entitled to such an accounting.

Traditionally, a writ of mandamus had been issued only to compel the preformance of a ministeral act ot duty. WORTHHAM V. WALKER 133 Tex 255. Relator argues that by refusing to hear and rule on his Motion to Dismiss the Executrix Walker and Attorney Biggers he has not acted upon the rules governing the conduct of the Justices in Texas State Courts. And as such has caused actual harm to relator.

But now writ will issue to court a clear abuse of discretion committed by the trial court and where there is no adequate remedy at law: Which relator asserts the trial court has done in refusing to rule as to whether or not the lien upon the estates accounts is legitimate or not. Since according to Tx. R. Civ. Pro. 165 Any claim has been abandonded by the descendents (children of ) R. L. Easley and A. Stinnette. both deceased. By twice not answering citations and notifications to them that relator has been seeking to have the lien dismissed.

14

The trial Court clearly abuses its discration if it reaches a decision so arbitrary as to amount to a clear prejudice and error of law. Walker v. Packer 827 S.W.2d 833. Which it is more than obvious this has heppened when the trial court authoroized the sale of Homestead property which the Executrix, that Attorney and the Court all signed off on. And sworn that said real property had no leans against it. Sale was appruved and confirmed by the trial court,yet the trial tburt took no steps to ensure the monies from the sale was placed into the account of the R.L. Easley estate that is the property of Relator Webb.

As can be seen by the documents in this Mandamus motion. Attorney Biggers put into his personal account and where such has been for years. Supposedly paying into the registar a monthly fee. Which relator has informed the court has not happened. And relator has informed the court in his Motions to Dismiss Cecil Biggers and Motion for an Accounting had been going on. Which amount to clear and actual violation of Texas State Law.

A Writ of prohibition directing a lower court to refrain from doing sumething while a writ of Mandamus generally directs ma lower court to do something. 252 S.W.2d 822. Perhaps it could be encomabant upon the 7th Court of Appeals to issue its own Writ of Prohibition of the Judge of the 8th J. D. Ct. so that it will not allow further funds to be pilferred from his satate while awaiting his ruling on the current motions he has before the 84th J.D.Ct.

15

Relator would show this Honorable Court that On a Mandamus review of issues of law, a trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law to the facts. In re Alan, Gump, Strauss, Haver & Feld, LLP 252 S.W.2d 480. Which relator would assert is the case in the issues now before the 7th Court of Appeals. In that Judge Smith has ineffect denied the relator any hearing on his motiones before the court, that the Judge has already told him he may proceed with. TX.R.Ct. Rule #5, R.#6 by the violation of time standards set forht in the rules of court. Specifically under R.6.1-(b)2) that gives time standards for the dilligent discharge of Civil Actions. In this case where there is a non injury action would be Twelve (12) months from appearance. Which was made on the relators behalf by then Executrix Lou Walker and Attorney C. Biggers back on 2009.

Relator has provided this Honorbale court with adequate record to substantiate allegations contained in the Petition for the Writ of Mandamus. Which Contain COURT DOCUMENTS which were origionated with the court of the 84th J.D. itself. Which were approved, ruled mandated and acted upon by the Court and Judge Smith. As well as documents from the Court, the Court Clerk the Attorney Bor the R.L.Easley Estate Cecil Biggers.

Relator believes there is no question that **ALL** his motion which are before the 84TH Judicial District Court and Judge Smith, deserve a fair and legitimate hearing and would respect-fully request this 7th Court of Appeals to order such.

16

C[...] OF _____ _____

Before me, the undersigned authority, on this day personally appeared __RELLIS LEON EASLEY__ __HELEN LEWIS__, and __BRENDA APPEL__, _____, known to me to be testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said __RELLIS LEON EASLEY__ testator, declared to me and to the said witnesses in my presence that said instrument is __HIS__ last will and testament, and that __HE__ had willingly made and executed it as their free act and deed for the purposes therein expressed; and the said witnesses, each on their oath stated to me, in the presence and hearing of said testator, that the said testator had declared to them that said instrument is __HIS__ last will and testament, and that __HE__ executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said testator and at __HIS__ request; that __HE__ was at that time eighteen years of age or over (or, being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

_Rellis Leon Easley_
　　　　　Testator

_Helen Lewis_
　　　　　Witness

_Brenda Appel_
　　　　　Witness

Subscribed and acknowledged before me by the said __RELLIS LEON EASLEY__ testator, and subscribed and sworn to before me by the said __HELEN LEWIS__ and __BRENDA APPEL__, witnesses, this __28th__ day of __January__, A.D. __1998__

(Seal)

CINDY R. BAXTER
NOTARY PUBLIC,
STATE OF TEXAS
MY COMMISSION EXPIRES 3-21-98

_Cindy R. Baxter_
Notary Public __Randall__ County, Texas

FORM NO. 520

LAST WILL AND TESTAMENT OF

File No. .........

IN COUNTY COURT

............ County, .............. Term, 19 ......

of ...........

WILL OF

.................. Deceased.

Filed the ......... day of ........., A. D., 19 ....

and recorded the ......... day of ........., A. D., 19 ....

in the Probate Minutes of ............ County, in Volume ........ Page ........

..............County Clerk,

By ............ Deputy.

POUND PRINTING CO., HOUSTON, TEXAS



16

THE STATE OF. TEXAS  }  KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF _Hansford_

I, _Rellis Leon Easley_, a resident

of _Spearman of Hansford_ County, State
of Texas, above the age of 18 years, hereby declare this instrument to be my Last Will and Testament,
hereby revoking all wills made by me.

I

After all my just debts, including any estate and inheritance taxes imposed by virtue of my death,

have been paid, I give, devise and bequeath all the residue of my property to my _son_,

_Kenneth Glenn Webb_, if _he_ survives me and is living at the expiration of
60 days after my death, otherwise in equal shares to my children, including afterborn children, one
share to each child of mine living at my death and one share per stirpes to the then living descendants of
each child of mine then deceased, and if no children or other descendants of mine should survive me,
then to my heirs at law under the statutes of descent and distribution then in force in the State of Texas,
and in the proportions provided by the statutes.

II

I appoint my _Ruby Pauline Speegle Webb_,
independent execut_rix_ of my will and estate, to act without bond and free from supervision of any
court. I authorize my execut_rix_ to sell, convey, lease (including oil, gas and mineral leases), mort-
gage, pledge, otherwise dispose of, and contract with respect to my estate or any part thereof (includ-
ing the borrowing of money for any purpose), for such considerations and upon such terms and condi-
tions as to _deem_ may seem proper, intending hereby to give my execut_rix_ all the powers that
a fee simple owner would have over the property comprising my estate.

III

If my execut_rix_ should not survive me or should fail, refuse or be unable to act as execut_rix_,
then I appoint as alternate independent execut_rix_, _Joqulta Pauline Alonzo_
_____, who shall act without bond and free of the supervision of any court, with all the
powers herein granted to my execut_rix_; and if my_____should not survive me, my alternate
execut_____ shall also act as trustee for each descendant of mine living at my death who is a minor or
under any other legal disability, with all the powers herein granted to my execut_____, as well as those
granted to trustees by the Texas Trust Act as now in force or as hereafter amended, devoting all or any
part of the income and principal of each descendant's share, as well as any other interest thereafter
acquired by him hereunder, to his maintenance, support and education until he shall attain the age of
_____years and until any other disability shall be removed, the share of any such descendant who
may die before attaining the age of_____years to pass in equal shares per stirpes to his descendants, if
any, otherwise to my then living descendants in equal shares per stirpes.

If my_____should not survive me, I appoint_____

_____as guardian of the person of each child of mine if a guardian should be
necessary during the minority or other disability of such child, and I direct that no bond shall ever be
required of any such guardian.

SIGNED at _Amarillo_, Texas on the _20th_ day

of _JANUARY_, 19_98_, in the presence of the undersigned witnesses who
have attested this instrument at my request.

_Rellis Leon Easley_
Testat___

The above instrument was now here this _20th_ day of _January_, 19_98_, pub-
lished as last will and testament and signed by _RELLIS LEON EASLEY_, the testat_or_, in our

presence, and we, at _HIS_ request, in _HIS_ presence, and in the presence of each other, sign our names
as attesting witnesses.

Filed at _3:30_ o'clock P. M., _8-29_ A.D., 20_07_
Kim V. Vera, Co/Dist Court Clerk

_Witness_
_Brenda_
_Witness_

# Benny D. Wilson
## Hansford County Judge
16 Northwest Court
Spearman, Texas 79081-2052
hansfordco@hotmail.com



Phone:
Spearman
806-659-4100
Gruver
806-733-2901

Major Cities
Spearman
Gruver
Morse
Fax 806-659-4168

February 16, 2009

Kenneth Webb
#1454974
3001 S. Emily Dr.
Beeville, TX 78102

Re:    Cause No. P02514 - Estate of Rellis Leon Easley

Dear Mr. Webb:

I received your request on 2-4-09.

It would appear to me that under Section 157.269 of the Texas Family Code that this "Child Support" lien within Moore County would not be within the jurisdiction of Hansford County Court.

Your request will be filed in Cause No. P02514, Estate of Rellis Leon Easley, Hansford County, Texas.

Sincerely,

Benny D. Wilson
Hansford County Judge

BDW/df

EXB. #1 P.4

CVO4982

NO. _P02514_

| | | |
|---|---|---|
| IN THE ESTATE OF | \| | IN THE COUNTY COURT |
| | \| | |
| | \| | OF |
| _Rellis Leon Easley_ | \| | |
| DECEASED | \| | HANSFORD COUNTY, TEXAS |

### ORDER TO TRANSFER TO DISTRICT COURT

BECAUSE OF REQUEST by Heir to this Court, which has no authority in requested matter,

IT IS HEREBY ORDERED that Probate Cause No. _P02514_ filed in this Court, will be transferred to the 84th District Court of Hansford County, Texas.

SIGNED ON the _18ᵗʰ_ day of _March_, 20_09_.

_Benny D. Wilson_
BENNY D. WILSON, JUDGE PRESIDING

Filed at 4:30 o'clock P M., 3-18 A.D., 20 09
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _Janet Jones_, Deputy

vol. 57 pg. 413

19

EX. 2

P. 2

Vol. 55 Pg. 612          No. PO2514

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## APPLICATION TO PROBATE WILL AND
## FOR ISSUANCE OF LETTERS TESTAMENTARY

**TO THE HONORABLE JUDGE OF SAID COURT:**

Lou Walker on behalf of Kenneth Glenn Webb ("Applicant"), furnishes the following information to the Court in support of this Application for the probate of the written Will of Rellis Leon Easley ("Decedent"), and for issuance of Letters Testamentary:

1.      Applicant, Kenneth Glenn Webb by his attorney-in-fact, Lou Walker, is an individual interested in this Estate, being domiciled in and residing at 120 Davenport, Borger, Hutchinson County, Texas 79007.

2.      Decedent died on March 9, 2007, at Amarillo, Potter County, Texas, at the age of 67. Decedent's domicile at the time of his death was Spearman, Hansford County, Texas.

3.      This Court has jurisdiction and venue is proper because Decedent was domiciled in Texas and had a fixed place of residence in this County on the date of his death.

4.      Decedent owned property described generally as real estate, cash, personal effects and household goods of a probable value in excess of $25,000.00.

5.      Decedent left a valid written Will dated January 20, 1998, which was never revoked and is filed herewith.

6.      A necessity exists for the administration of the Estate, specifically final bills need to

Filed at 3³⁰ o'clock P. M., 8-29 A.D., 20 07
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _Carla Woodington_ , Deputy

1

20

Exhb 2

be settled..

7.	After the date of the Will, no child was born to or adopted by Decedent.

8.	Decedent's Will named Ruby Pauline Speegle Webb to serve as Independent Executrix to act independently without bond or other security. Ruby Pauline Speegle Webb is deceased, and cannot serve as Independent Executrix. Jaquita Pauline Alonzo was named as alternate Independent Executrix but she has refused to serve as Independent Executrix. The only beneficiary and heir of decedent is Kenneth Glenn Webb, who is statutorily disqualified to serve as Independent Executor. Lou Walker resides in Borger, Hutchinson County, Texas. Lou Walker, individually, is not disqualified by law from serving as such or from accepting Letters Testamentary, and would be entitled to such letters.

10.	No state, governmental agency of the state, nor charitable organization is named by the Will as a devisee.

11.	The Will was made self-proved in the manner prescribed by law and the subscribing witnesses to the Will and their present addresses are Helen Lewis, whose address is Amarillo, Texas, and Brenda Appel, whose address is Amarillo, Texas.

WHEREFORE, Applicant prays that citation issue as required by law to all persons interested in this Estate; that the Will be admitted to probate; that Letters Testamentary be issued to Lou Walker; and that all other Orders be entered as the Court may deem proper.

Vol. 55 Pg. 613 2

Exhb 2
9

No. PRO-2514

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## ORDER AUTHORIZING PAYMENT OF EXEUCTOR'S COMMISSION

On this 13 day of March, 2009, the Application for Executor's Commission filed by Lou Walker, Executrix, was heard and considered by this Court, and the Court finds that the Executrix has taken care of and managed the Estate in compliance with the standards set forth in the Texas Probate Code; that the Executor's Commission requested is correct, reasonable, and just; that the Executor's Commission should be paid; and that the Application should be granted.

**IT IS THEREFORE ORDERED** that the Executor's Commission in the amount of $5,000.00 should be paid out of the funds belonging to the Estate of Rellis Leon Easley to Lou Walker, Executrix of the Estate of Rellis Leon Easley, Deceased.

SIGNED this 13 day of March, 2009.

_Benny D Wilson_
JUDGE PRESIDING

**APPROVED AS TO FORM:**
Law Office of
Cecil R. Biggers
P.O. Box 342
Spearman, Texas 79081
Tel: (806) 659-5531
Fax: (806) 659-5531

By: _____
Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500

Filed at 11:00 o'clock A.M., 3-13- A.D., 20 09
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _____, Deputy

COPY

3

Exhb 3
P.4

22

# ιHE STATE OF TEXAS

TO ALL PERSONS INTERESTED IN THE ESTATE OF RELLIS LEON EASLEY, DECEASED, NO. P02514, HANSFORD COUNTY COURT, TEXAS.

APPLICANT: LOU WALKER ON BEHALF OF KENNETH GLENN WEBB

Filed in the County Court of Hansford County, Texas, on the 29th day of August, A.D. 2007, an application for probate of the Last Will and Testament of said RELLIS LEON EASLEY, DECEASED, as Letters Testamentary. (The said WILL accompanying said application).

Said application will be heard and acted on by said Court on or after 10 o'clock A.M. on the first MONDAY next after the expiration of ten days from the date of posting this citation, the same being the 10th day of September, A.D. 2007.

All persons interested in said estate are hereby cited to appear before said Honorable Court at said above-mentioned time and place by filing a written answer contesting such application should they wish to do so.

The officer executing this citation shall post the copy of this citation at the Courthouse door of the County in which this proceeding is pending, or at the place in or near said Courthouse where public notices customarily are posted, for not less than 10 days before the return day thereof, exclusive of the date of posting and return the original copy of this citation to the Clerk stating in a written return thereon the time when and the place where he posted such copy.

HEREIN FAIL NOT, but have you this writ before the said court at the time aforesaid, with your return thereon, showing how you have executed the same.

GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT AT OFFICE IN SPEARMAN, TEXAS, THIS THE 30th day of August, A.D. 2007.

Filed at 8:55 o'clock A.M., 8-30 A.D., 2007

KIM V. VERA
HANSFORD COUNTY CLERK
BY _Carla W Woodington_ DEPUTY

Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _Carla W Woodington_, Deputy

## SHERIFF'S RETURN

CAME TO HAND ON THE 30th DAY OF AUGUST, A.D. 2007, AT 8:50 O'CLOCK A.M., AND EXECUTED ON THE 30th DAY OF AUGUST, A.D. 2007, BY POSTING A COPY OF THE WITHIN CITATION FOR TEN DAYS, EXCLUSIVE OF THE DAY OF POSTING, BEFORE THE RETURN DAY HEREOF, AT THE COUNTY COURTHOUSE DOOR, HANSFORD COUNTY, TEXAS, OR AT THE PLACE IN OR NEAR THE SAID COURTHOUSE WHERE PUBLIC NOTICES CUSTOMARILY ARE POSTED.

RECEIVED
AUG 3 0 2007
8:50 AM
BY: D. Hornsley

GARY EVANS, SHERIFF
HANSFORD COUNTY, TEXAS
BY _Delliua Hornsley_ DEPUTY

**RETURN TO COURT**

Vol. 55 Pg. 617

Exb 2
11

23

# TO BE FILLED IN PERSONALLY BY SELLER OR BORROWER WITH HIS OWN PEN

## INDEMNITY AND AFFIDAVIT AS TO DEBTS AND LIENS

GF# __2008-151__

SUBJECT PROPERTY: All of Lot Number Four and the N/2 of Lot Number Five, Block 49, Original Town of Spearman Hansford County, Texas, as shown by the recorded plat thereof in Volume 25, Page 1, Deed Records of Hansford County, Texas.

STATE OF TEXAS

COUNTY OF __HANSFORD__

Before me, the undersigned authority, on this day personally appeared _Lou Walker, ExecuTrix OF The EstAte OF Rellis Leon Epsley, Deceased_
Seller or Owner-Borrower*

Contractor (if new construction)

personally known to me to be the person whose name is subscribed hereto and upon his oath deposes and says that the marital status of affiant has not changed since the date of acquisition of said property and represents to the purchaser and/or lender in this transaction that to my knowledge there are:

1. No unpaid debts for plumbing fixtures, water heaters, floor furnaces, air conditioners, radio or television antennae, carpeting, rugs, lawn sprinkling systems, venetian blinds, window shades, draperies, electric appliances, fences, street paving, or any personal property or fixtures that are located on the subject property described above, and that no such items have been purchased on time payment contracts, and there are no security interests on such property secured by financing statement, security agreement or otherwise except the following:

| Secured Party | Approximate Amount |
|---|---|
| NONE | |

2. No loans or liens (including Federal or State Liens and Judgment Liens) of any kind on such property except the following:

| Creditor | Approximate Amount |
|---|---|
| NONE | |

All labor and material used in the construction of improvements on the above described property have been paid for and there are now no unpaid labor or material claims against the improvements or the property upon which same are situated, and I hereby declare that all sums of money due for the erection of improvements have been fully paid and satisfied.

INDEMNITY: I AGREE TO PAY ON DEMAND TO THE PURCHASERS AND/OR LENDER IN THIS TRANSACTION, THEIR SUCCESSORS AND ASSIGNS, ALL AMOUNTS SECURED BY ANY AND ALL LIENS NOT SHOWN ABOVE, TOGETHER WITH ALL COSTS, LOSS AND ATTORNEY'S FEES THAT SAID PARTIES MAY INCUR IN CONNECTION WITH SUCH UNMENTIONED LIENS, PROVIDED SAID LIENS EITHER CURRENTLY APPLY TO SUCH PROPERTY, OR A PART THEREOF, OR ARE SUBSEQUENTLY ESTABLISHED AGAINST SAID PROPERTY AND ARE CREATED BY ME, KNOWN TO ME, OR HAVE AN INCEPTION DATE PRIOR TO THE CONSUMMATION OF THIS TRANSACTION.

I realize that the purchaser and/or lender in this transaction are relying on the representations contained herein in purchasing same or lending money thereon and would not purchase same or lend money therein unless said representations were made.

_Lou Walker executor_ _____

Sworn to and subscribed before me this _23_ day of _Jan_ , _2009_.

_____ Notary Public in and for _Hansford_ County, Texas.

Commission Expires
My Commission Expires
March 19, 2012

*This form is to be filled in and signed by seller in case of sale. If no sale, it is to be filled in and signed by the owner-borrower. If there is any new construction, the contractor must also join in this form or fill in and sign a separate one.

Upon closing complete items checked with red mark, sign and notarize and return to loan closer or Hansford Abstract Company.

Vol. **55** Pg. **626**          No. PR0-2514

| | |
|---|---|
| IN THE ESTATE OF | § IN THE COUNTY COURT |
| | § |
| RELLIS LEON EASLEY, | § OF |
| | § |
| DECEASED | § HANSFORD COUNTY, TEXAS |

## PROOF OF DEATH AND OTHER FACTS

On this day, Lou Walker ("Affiant") personally appeared in open court, and after being duly sworn, deposed and said that:

1.    "Rellis Leon Easley (Decedent) died on March 9, 2007 at Amarillo, Potter County, Texas, at the age of 67 years and four years have not elapsed since the date of Decedent's death.

2.    "The Court has jurisdiction and venue over the estate in that Decedent was domiciled and had a fixed place of residence in Hansford County, Texas on the date of his death.

3.    "To the best of my knowledge Decedent died testate, and his Will was signed on January 20, 1998.

4.    "Citation has been served and returned in the manner and for the length of time required by the Texas Probate Code.

5.    "A necessity exists for the administration of this estate.

6.    "The Decedent's Will was self-proved.

7.    "To the best of my knowledge, the Will filed for probate was never revoked by Rellis Leon Easley.

8.    "No state, governmental agency of the state, nor charitable organization is named by the Will as a devisee.

9.    "After the date of the Will, no child was born to or adopted by Decedent.

Filed at 11:30 o'clock A M., 9-19- A.D., 2007
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _____, Deputy

25

Exhb 2

10. "Decedent had never been divorced.

11. "Will named Ruby Pauline Speegle Webb who is deceased to serve as Indepedent Executrix to acti independently, the alternate was Jaquita Pauline Alonzo who has refused to seve as Executris, and that the heir Kenneth Glenn Webb is legally disqualified from serving as Executor and the said Lou Walker is not disqualified by law from serving as such or from accepting Leeters Testamentary, and would be entitled to such letters.

12. "To the best of my knowledge, the proof required for probate has been made, Lou Walker is not disqualified by law from accepting Letters of Administration or from serving as Administratrix and is entitled to such Letters."

Signed this 19th day of Sept. , 2007

_Lou Walker_
Lou Walker

**SWORN TO AND SUBSCRIBED BEFORE ME** on this the 19th day of Sept. , 2007 by Lou Walker, to certify which witness my hand and seal of office.

Kim V. Vera
Clerk, County Court of
Hansford County, Texas

BY: _Janet Jones_
Deputy

Vol. 55 Pg. 627

COPY

No. PR0-2514__

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## ORDER PROBATING WILL AND
## AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application filed herein by Lou Walker on August 29, 2007, for the probate of the Will of Rellis Leon Easley, hereinafter called Decedent, and for the issuance of Letters Testamentary.

The Court, after having heard and considered the evidence, finds that legal notices of the filing of said Application have been issued and posted in the manner and for the length of time required by law, and no one came to contest same; and it further appearing that said Will was executed on January 20, 1998 with the formalities and solemnities and under the circumstances required by law to make it a valid Will, was self-proved according to law during the lifetime of said Decedent; that such Will has not been revoked by Decedent; that Decedent died at Amarillo, Potter County, Texas on March 9, 2007; that this Court has jurisdiction and venue over the estate because Decedent was domiciled in Texas and had a fixed place of residence in Hansford County, Texas at the time of his death; that four years have not elapsed since the death of Decedent or prior to the said Application; that a necessity exists for the administration of this estate, specifically pay debts of last illness; that no state, governmental agency of the state, nor charitable organization is named by the Will as a devisee; that Decedent's Will named Ruby Pauline Speegle Webb who is deceased to serve as Independent Executrix to act independently, the alternate was Jaquita Pauline Alonzo who has refused to serve as Executrix, and that the heir Kenneth Glenn Webb is legally disqualified from serving as Executor and

Filed at 10:15 o'clock A. M., 9-19 A.D., 2007
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _Carla Woodington_, Deputy

27

the said Lou Walker is not disqualified by law from serving as such or from accepting Letters Testamentary, and would be entitled to such letters and that Lou Walker should be appointed as Independent Executrix.

**IT IS THEREFORE ORDERED AND DECREED** by the Court that said Will is hereby proved and established and admitted to probate and recorded as the **LAST WILL AND TESTAMENT** of said Rellis Leon Easley, Deceased, and that Lou Walker be, and is hereby appointed Independent Executrix of said Will and Estate with bond set at $ 7,500.⁰⁰ .

**IT IS FURTHER ORDERED** by the Court that Letters Testamentary upon the Will and Estate of Rellis Leon Easley, Deceased, be and the same are hereby granted, that the Clerk shall issue said Letters Testamentary to Lou Walker, as Independent Executrix, when qualified according to law, and that no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law.

SIGNED this 19TH day of September, 2007.

_Benny D Wilson_
**JUDGE PRESIDING**

**APPROVED AS TO FORM:**

_Cecil R. Biggers_
Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

28

## NOTICE TO CREDITORS

Notice is hereby given that original Letters Testamentary for the Estate of Rellis Leon Easley, Deceased, were issued on September 19, 2007, in Cause No. PR0-2514, pending in the County Court of Hansford County, Texas, to: Lou Walker.

All persons having claims against this Estate which is currently being administered are required to present them to the undersigned within the time and in the manner prescribed by law.

c/o: **Cecil R. Biggers**
**Attorney at Law**
**P.O. Box 342**
**Spearman, TX 79081**

DATED the 19th day of Sept., 2007.

Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

## PUBLISHER'S AFFIDAVIT

"I solemnly swear that the above notice was published once in the "Reporter-Statesman" newspaper, as provided in the Texas Probate Code for the service of citation or notice of Publication, and the date borne by the issue of the newspaper in which said notice was published was

_____."

## No. PRO-2514

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

### ORDER AUTHORIZING PAYMENT OF EXEUCTOR'S COMMISSION

On this 13 day of March, 2009, the Application for Executor's Commission filed by Lou Walker, Executrix, was heard and considered by this Court, and the Court finds that the Executrix has taken care of and managed the Estate in compliance with the standards set forth in the Texas Probate Code; that the Executor's Commission requested is correct, reasonable, and just; that the Executor's Commission should be paid; and that the Application should be granted.

**IT IS THEREFORE ORDERED** that the Executor's Commission in the amount of $5,000.00 should be paid out of the funds belonging to the Estate of Rellis Leon Easley to Lou Walker, Executrix of the Estate of Rellis Leon Easley, Deceased.

SIGNED this 13 day of March, 2009.

Benny D Wilson
_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**
Law Office of
Cecil R. Biggers
P.O. Box 342
Spearman, Texas 79081
Tel: (806) 659-5531
Fax: (806) 659-5531

By: _____
Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500

Filed at 11:00 o'clock A.M., 3-13- A.D., cu 09
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _____ , Deputy

COPY

3

12-X

30

EX 3



CAUSE NO. CV-04982

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE 84TH JUDICIAL |
| RELLIS LEON EASLEY | § | DISTRICT COURT OF |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

<u>MOVANT'S MOTION FOR THE COURT TO REMOVE INDEPENDENT
EXECUTRIX LOU WALKER FROM HER POSITION AS EXECUTRIX
OF THE ESTATE OF RELLIS LEON EASLEY</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Movant, Kenneth Glenn Webb ("Movant"), in pro se, making this his motion for the Court to remove independent Executrix Lou Walker from her position as Executrix of the estate of Rellis Leon Easley, pursuant to the provisions of Texas Probate Code, Section 149C. In support, Movant offers the following:

1. Movant is the sole heir and beneficiary of the estate of Rellis Leon Easley. Movant has the burden to establish a violation of Sec. 149C. See Matter of Estate of Minnick, 653 S.W. 2d 503, 508 (Tex. App. Amarillo 1983, no writ).

2. Respondent, Executrix Lou Walker (Respondent"), was appointed to represent the estate of Rellis Leon Easley, deceased in August 2007. The Respondent gave her Oath of Independent Executrix on September 19, 2007. On July 22, 2008, Lexon Insurance Company insured the Respondent under bond number 1030021. The Respondent was previously insured by Trinity Universal Insurance Company under Bond# 0444115 on September 19,2007.

3. Respondent performed her administrative duties as Executrix from the time of her appointment in 2007 until March 2009, which is when the Respondent unofficially stopped performing her administrative Executrix duties of the estate and ceased all communication with Movant. During March 2009, the Respondent was paid a $5,000 commission for performing her executrix duties, See exhibit A ; the probate of the estate of Rellis Leon Easley was transferred from the Hansford County Court to this Court, See exhibit B ; and the Movant, the Respondent, and the Respondent's attorney, Cecil Biggers ("Biggers"), were embroiled in a major dispute over the Respondent and Biggers gross mismanagement of the estate.

4. On September 25, 2008 the Respondent and Biggers notified Movant that the homesteaded real and personal properties of the late Mr. Easley did not have any liens placed against such properties. See exhibits C,D and E,F. Prior to this notification Movant even informed the Respondent and Biggers that he had heard from other family members that there may be a child support lien placed against all the homestead properties and to investigate if there is prior to selling the homestead properties. See exhibit C . Relying on the September 25th notification, and a telephone conversation with the Respondent prior to this notification, in which the Respondent stated to Movant that there were not any liens on the homestead properties, Movant authorized

2

the Respondent to sell the homestead properties so that Movant could obtain the cash proceeds from the sale, which totaled $18,232.34 prior to the Respondent's $5,000 commission being deducted.

5. Immediately after entering into a contract with purchasers Pedro Sanchez and Ester Sanchez, the Respondent and Biggers informed Movant that there was a child support lien placed against the homestead properties. After being informed of this fact, Movant immediately notified the Respondent and Biggers to cancel the sale of the homestead properties, exempted from the lien's enforceability, until such time a ruling could be made on the lien's validity, but Biggers informed Movant he would not comply with Movant's request because the estate would be liable for damages. See exhibit G .

6. On January 23, 2009 the homestead properties were sold to the Sanchez's and the $18,232.54 in non-exempt cash proceeds were immediately placed in Biggers attorney trust fund account and allegedly frozen because of the lien. See exhibits D,E. After the Respondent's $5,000 commission was deducted from the $18,232.54 balance on March 13, 2009, the total balance remaining is currently $13,232.54. See exhibit H .

7. Movant has suffered actual harm because of the Respondent's and Biggers foregoing gross mismanagement of the estate and breach of fiduciary duty. Movant is harmed because he is

3

Ex 3

now placed in the position of losing the $13,232.54 remaining balance from the sale of the homestead properties, which would never have occurred had the Respondent and Biggers informed Movant of the lien prior to attempting to sell the homestead properties. Movant believes, but cannot prove, that the Respondent knew of the lien prior to attempting to sell the homestead properties, but intentionally failed to disclose such to Movant so that the sale would go through and so that she could obtain the $5,000 cash commission she was not entitled to receive only two months after the sale. See exhibit A .

8. The Respondent's attorney, Biggers, without informing Movant, filed application with the Hansford County Court to pay the Respondent a $5,000 commission for serving as executrix, which the County Court approved on March 13, 2009. See exhibit A . The Respondent and Biggers apparently failed to disclose to Judge Wilson that the Movant had already paid the Respondent for all of her executrix duties by giving her a 4x4 Chevrolet pickup truck appraised at $8,500, See exhibit I and J , which occurred on September 28, 2007. And the Respondent and Biggers also apparently failed to disclose to Judge Wilson that the Respondent's additional $5,000 commission would be paid with frozen lien money.

4

Ex 3

9. After being paid the $5,000 commission, the Respondent immediately ceased all communication with the Movant because of the dispute over the sale of the homestead properties.

10. Respondent refuses to disclose to Movant what the disposition is of all the remaining, unaccounted for property items, as described in Movant's exhibit_K_, that were under the care and control of the Respondent when she ceased from serving as Executrix in 2009. This is also proof of the Respondent's gross mismanagement of the estate. Since March 2009, Movant has written the Respondent numerous times in an attempt to determine the disposition of the many property items described in exhibit_K_, but Respondent refuses to reply.

11. Pursuant to Texas Probate Code, Section 149 C (a), this Court may remove the Respondent from serving as Executrix of this estate:

   a. For failing to return an inventory of the estate's property;

   b. When sufficient grounds appear that she has misapplied or embezzled any part of the property committed to her care;

   c. For failing to make an accounting;

   d. For failing to file notice required by Sec. 128 A;

   e. When it is proved she is guilty of gross misconduct or gross mismanagement in the performance of her duties; and

5

f. When she becomes incapacitated.

12. Movant asserts that the Repondent has embezzled part of the property committed to her care. See Texas Probate Code, Section 149 (a)(2). Specifically, the Respondent failed to apprise the County Court on March 13, 2009 that she had already been paid for her executrix service in full when Movant gave her the $8,500 4x4 Chevrolet Pick-up, See paragraph 8, which her attorney, Biggers, was also aware of as well when he signed the order authorizing the additional $5,000 commission to be paid to the Respondent. The Respondent receiving a total of $13,500 as payment for her services as executrix for such a small estate is unconscionable, especially when she acquired the additional $5,000 under false pretenses. Moreover, the Respondent violated Texas Probate Code, Section 331 when she accepted the $8,500 4x4 Pick-up truck as commission for her services and subsequently sold it for cash without first obtaining an order of the Court authorizing the same.

13. Movant asserts that the Respondent may have embezzled, destroyed, lost, or given away without authorization property items described in exhibit _K_ , which are valued at several thousand dollars. As to the estate checking account at First State Bank in Spearman, Texas (checking account No. 203424), See exhibits _L_ and _M_ , which has been under the sole control of the Respondent since 2007, the Court will have to order the

6

Bank to provide the records of account No. 203424 from 2007 to the present to investigate and determine if the Respondent has embezzled any funds from this property item. Movant strongly belives embezzlement of property described in this paragraph has occurred because of the Respondent unjustly obtaining the $5,000 commission decribed in paragraphs 7-9, 12 above, then ceasing all communication with Movant thereafter in regard to the property items decribed in this paragraph.

14. Movant further asserts that the Respondent has committed gross misconduct or gross mismanagement during the performance of her duties based on the following:

    a. Breaching her fiduciary duties that resulted in actual harm to the Movant when the Respondent and Biggers informed Movant that there were no liens placed against the exempted homestead real and personal properties described in exhibits _D_ and _E_, when there was a lien placed against such properties, resulting in the actual harm described in the above-stated paragraphs 3-7, as well as the harm that resulted when Movant had to spend $2,500 to retain the services of attorney George Harwood for this specific issue.

7

b. Intentionally committing a wrongful act by receiving an $8,500 4x4 Chevrolet pickup from Movant as full payment for her duties as executrix, which the Respondent never fully completed, and failing to inform the Court of such prior to selling the truck thereafter. Further, petitioning Hansford County Court for an additional $5,000 in cash for executrix fees while knowing she had already been paid in full with the $8,500 4x4 pickup. See paragraph 8. The obvious harm to Movant is that he has lost $5,000 of estate money.

c. Failing to continue to serve as Executrix of the estate after being paid the additional $5,000 commission on March 13, 2009, as well as ceasing all communication with Movant thereafter. The harm is Movant may have to lose additional money for another executor.

d. Failing to inform the Court or Movant about the disposition and location of all the property items described in above-stated paragraph 13. The harm to Movant is that he may have lost several thousand dollars worth of estate property.

8

15. the case law is clear: "Gross mismanagement" or gross misconduct" in performance of independent executrix duties that warrant removal of executrix include, at minimum, willful omission to perform legal duty, intentional commission of wrongful act, and breach of fiduciary duty that results in actual harm to a beneficiary's interest. Geeslin v. McElhenney, 788 S.W.2d 683 (Tex.App.-Austin 1990); Lee v. Lee, 47 S.W.3d 767 (Tex.App.-Houston [14th Dist.] 2001.

Wherefore, premises considered, Movant prays that after this Court orders the Respondent to perform a full accounting of the estate, pursuant to Movant's motion demanding such filed on the same date as this motion, as well as an inventory of current estate property, that she be dismissed as serving as executrix of this estate, based on the foregoing acts as decribed herein.

Movant also prays that this Court appoint a new executor or executrix if it is necessary to finalizing the remaining estate business and closing the estate. The Court will have to appoint a court-appointed executor or executrix, as Movant does not know of any person willing to serve in this capacity.

9

Moreover, Movant prays for the Court to order the Respondent to repay, through her own funds or through a claim filed with her executrix bonding company, Lexon (Texas) Insurance company, See exhibit _N_ , the $5,000 commission the Respondent should not have been paid, as well as the actual or appraised costs of any other property mismanaged or embezzled.

Movant further prays for this Court to order the remaining funds, if any, in First State Bank Checking account No. 203424 to be transferred into the Court's registry for safekeeping.

Lastly, Movant prays for any other relief to which he may be entitled.

Respectfully submitted,

Kenneth Webb
TDCJ-CID No. 1454974
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102
ph. 361.362.2300

Movant pro se

10

## VERIFICATION

Pursuant to Texas Civil Practices and Remedies Code, Section 132.001 - 132.003, I Kenneth Glenn Webb, TDCJ-CID No. 1454974, being presently incarcerated in the TDCJ-CID McConnell Unit in Beeville, Bee County, Texas declare under penalty of perjury that the foregoing is true and correct.

_Kenneth Glenn Webb_
Kenneth Glenn Webb
Movant pro se

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was mailed first class U.S. mail, postage prepaid, on this the 9th day of May, 2011 to the following:

Ms. Lou Walker
c/o Cecil Biggers
Attorney at Law
P.O. Box 342
Spearman, Texas 79081

_Kenneth Glenn Webb_
Kenneth Glenn Webb
Movant pro se

11

CAUSE NO. CV-04982

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE |
| RELLIS LEON EASLEY, | § | 84TH JUDICIAL DISTRICT COURT |
| DECEASED | § | OF HANSFORD COUNTY, TEXAS |

## DECLARATION OF DECLARANT KENNETH GLENN WEBB

I Kenneth Glenn Webb, declare under penalty of perjury the following:

" Prior to making application for the sale of the real and personal Homestead Properties located at 111 South Barkley, Spearman, Texas, 79081 on September 26, 2008, I made it very clear to the Executrix, Lou Walker, not to sell the properties if there was any lien placed against these properties. She assured me that there was no liens, and further stated that estate attorney Cecil Biggers had clearly informed her of this fact.

" On or about September 2008, I was called to the McConnell Unit Prison Law Library to have an attorney conference phone call with Executrix Lou Walker. During the teleconference, Ms. Walker informed me that there was someone interested in purchasing the Homestead Properties for $20,000.00 cash. I again asked her if there was any lien and she said, "No". I then told her to go ahead and sell. See attached paperwork.

" Some time later, Ms. Walker suddenly informed me that there was a lien against the Homestead Properties. In desperation, I immediately wrote estate attorney Cecil Biggers instructing him to cancel the sale of the Homestead Properties. Mr. Biggers wrote me back informing me that he would not stop the sale of the Homestead Properties because the estate would be liable for damages in doing so.

Ex.3

42

"    After finishing the sale of the Homestead Properties, Mr. Biggers refused to give me any of the money citing the lien, yet gave Ms. Walker $5,000.00 of the money shortly after the sale was final.

"    Mr. Biggers then informed me that he would file some paperwork with the Court to have the lien removed so that I could receive my inheritance, but Mr. Biggers never did.

"    After November 2010, I never heard from Mr. Biggers again, in spite of writing him letters.

"    After March 2009, I never heard from Ms. Walker again, in spite of writing her letters.

"    In October 2009 I paid Amarillo Texas attorney George Harwood $2,500 of the remaining estate money I had been previosly given to try to remove the lien, but Mr. Harwood took no action.

"    In April 2011, and out of desperation, I wrote Judge Smith asking him to allow me to proceed in Pro Se so I could resolve the lien matter since all the attorneys did not want to or did not know how to.

"    I have been through a lot of stress trying to do the right thing in getting my father's estate probated fairly. Many people have taken advantage of me because of my being incarcerated. It seems that everyone else is receiving the majority of my father's estate except for me.

"    I would also like to mention that I personally paid a man named Jesse Browning, Spearman, Texas $1,100 of my own money so that the Homestead Properties could be made-ready for being sold. See attached paper work.

"    Further, Declarant saith not."

2

43

_(signature)_

Kenneth Glenn Webb
Pro Se

I, Kenneth Glenn Webb, TDCJ-CID No. 1454974, being incarcerated in the TDCJ-CID McConnell Unit in Beeville, Bee County, Texas, declare under penalty of perjury that according to my belief, the facts stated in this inmate declaration are true and correct.

Signed on:

May 09, 2011

_(signature)_

Kenneth Glenn Webb
Pro Se

3

44.

EXHIBIT "A"

1 - 03                    PAGE  1
ESTATE OF R L EASLEY                        ACCOUNT        0203424
LOU WALKER, EXECUTRIX
216 MAPLE                              STATEMENT PERIOD
BORGER          TX 79007               07/03/2009 TO 08/03/2009

MAIL STATEMENT

------------------------ C H E C K I N G   S U M M A R Y ------------------------
                REGULAR DDA    -      0203424
    CHECKING BALANCE LAST STATEMENT.......           3,440.98
                       DEPOSITS.............                .00
                       OTHER CREDITS........                .00
                    1  CHECKS...............              10.12
                       OTHER DEBITS.........                .00
    CHECKING BALANCE THIS STATEMENT.......           3,430.86
------------------------ F E E   S U M M A R Y ------------------------
                       TOTAL FEES IMPOSED               .00
------------------- N S F / O V E R D R A F T   S U M M A R Y ------------------
    CURRENT STATEMENT NSF RETURNED ITEM CHARGES         .00
      CURRENT STATEMENT NSF PAID ITEM CHARGES           .00
      CURRENT STATEMENT OVERDRAFT CHARGES               .00
    CUR STMT TOTAL FEES CHARGED FOR PAYING OVERDRAFTS   .00
    YTD NSF RETURNED ITEM CHARGES                       .00
      YTD NSF PAID ITEM CHARGES                         .00
      YTD OVERDRAFT CHARGES                             .00
    YTD TOTAL FEES CHARGED FOR PAYING OVERDRAFTS        .00

------------------------------- C H E C K S -------------------------------

DATE.........CHECK NO.......AMOUNT    DATE.........CHECK NO.......AMOUNT
07/10         1648         10.12

---------------- D A I L Y   B A L A N C E   I N F O R M A T I O N ------------

DATE.......BALANCE        DATE.......BALANCE         DATE.......BALANCE
07/10      3,430.86

-------------------------------------------------------------------------------

    The debit cards we use are protected by FRAUD WATCH PLUS.
    If suspicious activity is noticed on your card, FRAUD
    PREVENTION SERVICES will call to notify you.


            Executrix had abandoned estate at this point

45

I hereby request and authorize you to represent me as my Attorney in Fact and in Law as related to the following: *Probate Estate of Rellis Leon Easley in Hansford Co., TX*
To include any claims and actions against all additional persons, agency, corporations who may appear to be related to this case.

As compensation for your services as Attorney, I agree to pay you as follows: *$200.00 an hour for attorney time spent on estate behalf;*
I understand that it is impossible at this time to specify the exact nature, extent, and difficulty of the contemplated services and the time involved in rendering those services. You, as my Attorney shall exert your best efforts at all times to represent my interests and rights.

In connection with services rendered by you as my Attorney, you shall be compensated for additional services not contemplated in the above estimate at a minimum hourly rate of $ *200.00* per hour. I understand that out of pocket expenses will be billed to me, and I agree to pay you in all events for sums actually paid by you for investigations, preparing claims for trial, court costs, or other such expenses.

I understand that I will be billed on a regular basis for your services and I agree to pay these bills when received, unless other arrangements are made. I further understand that in the event my account with you is not current that you may withdraw from representing me. (This contract is effective upon the receipt of $ *204.00* as retainer.)

Dated: *13 Aug 07*

*Lou Walker*
Client *p/r for Kenneth Glenn Webb*

I agree to act as Attorney on the above stated basis.

Dated: *13 Aug 07*

*Cecil R. Biggers*
Cecil R. Biggers

Retainer Paid: $ *204.00 pd Cash 8-13-07*

**COPY**

Kim V. Vera
County And District Clerk
Hansford County
#15 N.W. Court
Spearman Tx. 79081

Re: Revocation Of Power Of Power Of
Attorney

Dear Ms Kim V. Vera
Please find inclosed a Revocation Of Power
Of Attorney to Revoke the Power Of Attorney
filed by Ms Lou Walker on June 26.2007
Please returne the copy of this coversheet
filed stamped and Dated.

P.S. There is a
16.00 MO. to        Thank You Very Much
pay the cost of     *Kenneth D. Webb*
this Matter.
        Thank You

RECEIVED
7-30-09

Carla Woodington
Deputy Clerk

47

## REVOCATION OF POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS, THAT:**

I, Kenneth Glenn Webb, an inhabitant of Bee County, Texas, do hereby wholly revoke, cancel, and annul all Powers of Attorney, in fact or otherwise, signed by me, my agent(s), parents, parens patriae, implied in law, or by trust, voluntary or involuntary, with or without my informed consent and knowledge, with, to and/or for Lou Walker of 216 Maple, Borger, Hutchinson County, Texas as these revoked Powers of Attorney pertain to me, and all property, both real and personal, obtained by me in the past, present or future.

**ANYTHING NOT LISTED IS NOT WAIVED BY OMISSION.**

**Kenneth Glenn Webb**

State of Texas )
)ss:
County of Bee )

On this _____ day of July, 2009, A.D., before me, the under-signed, a Notary Public in and for said State, personally appeared Kenneth Glenn Webb, known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name subscribed to the within instrument, and acknowledged to me that he executed it.

Witness my hand and seal _____ Seal:
Notary Public
My Commission Expires ___8/23/2009___
ID By TDCJ # 1454974

CANDACE R. MOORE
NOTARY PUBLIC
NOTARY WITHOUT BOND
STATE OF TEXAS
My Comm. Exp. 08-23-2009

FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

July 30, 2009  02:03:43 PM          2009014972
FEE: $16.00
Renee Calhoun County Clerk
Randall County TEXAS

48

DATE 07/30/2009     HANSFORD COUNTY/DISTRICT CLERK      RECEIPT #  EX3 3 P. 2 Y 18474
                    #15 N.W. COURT - 806 659 4110

TIME 12:23          SPEARMAN, TEXAS  79081              FILE #       M06391

RECEIVED OF: WEBB,KENNETH

       FOR: WEBB,KENNETH

DESCRIPTION: RECORDING/364-193/REVOCATION OF POWER OF ATTY/
             WEBB TO WALKER

                                        AMOUNT DUE        $16.00
                                                      ------------
                                        AMOUNT PAID       $16.00
                                                      ------------
                                           BALANCE         $.00

                                        PAYMENT TYPE O
                                   CHECK NO    09-139680879
                                        COLLECTED BY CW

## REVOCATION OF POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS, THAT:**

I, Kenneth Glenn Webb, an inhabitant of Bee County, Texas, do hereby wholly revoke, cancel, and annul all Powers of Attorney, in fact or otherwise, signed by me, my agent(s), parents, parens patriae, implied in law, or by trust, voluntary or involuntary, with or without my informed consent and knowledge, with, to and/or for Lou Walker of 216 Maple, Borger, Hutchinson County, Texas as these revoked Powers of Attorney pertain to me, and all property, both real and personal, obtained by me in the past, present or future.

**ANYTHING NOT LISTED IS NOT WAIVED BY OMISSION.**

Kenneth Glenn Webb

State of Texas     )
                  )ss:
County of Bee     )

On this ___7___, day of July, 2009, A.D., before me, the under-signed, a Notary Public in and for said State, personally appeared Kenneth Glenn Webb, known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name subscribed to the within instrument, and acknowledged to me that he executed it.

Witness my hand and seal_____ Seal:
                  Notary Public
                  My Commission Expires_____ 8/30/09

                                **Joe Richard**
                                **Martinez**
                            Notary Public, State of Texas
                            My Commission Expires
                                  08 30 2009
                       **Notary without Bond**

60



**Clay Schnell, Executive Vice President**
**& Chief Financial Officer**

January 31, 2011

Kenneth Webb
3001 S. Emily Dr.
Beeville, TX 78102

Kenneth,

I am sorry to inform you that we are unable to release any information or transfer any funds on an estate account without the direction of the executor or a court order. Thank you for your inquiry.

Thank you,

R. Clay Schnell

GO-X

CAUSE NO. CV-04982

IN THE ESTATE OF                     §                     IN   THE

RELLIS LEON EASLEY,                  §      84TH JUDICIAL DISTRICT COURT

DECEASED                             §         OF HANSFORD COUNTY, TEXAS

<u>MOVANT'S MOTION FOR THE COURT TO DISMISS THE</u>

<u>ESTATE'S ATTORNEY OF RECORD CECIL BIGGERS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Movant, KENNETH GLENN WEBB (Movant), in Pro Se, motioning the Court to dismiss the Attorney of Record appointment of estate Attorney Cecil Biggers, pursuant to all applicable rules of the Texas Probate Code. In support, movant offers the following:

1. Movant is the sole heir and beneficiary to the estate of Rellis Leon Easley.

2. On August 13, 2007, Lou Walker ("Executrix"), the Executrix for the estate of Rellis Leon Easley, retained the legal services of Spearman, Texas attorney Cecil Biggers ("Biggers") to represent her and the estate. See Exhibit   A   .

3. Movant moves the Court to dismiss Biggers estate Attorney of Record appointment based on the following reasons:

a. On February 04, 2009 Biggers stated in a letter to Movant that he never informed Movant that there were not any liens filed against the exempt, homestead property of the late Mr. Easley prior to entering into contract to sell the real and personal homestead property,

52

see exhibit  B  ,    when there was a lien placed against such property and when the Executrix, who Biggers represents, stated in writing at the time of making application to sell the homestead property that there were not any liens against the property. See exhibits  C  and  D  . Regardless, Biggers had an attorney duty to determine if there was a lien against the homestead property, and to inform Movant of such, prior to making application for sale and prior to entering into any contractual agreement to sell lien exempt homestead property and subject the non-exempt cash proceeds from the sale to the enforcement action of a child support lien. See exhibits  E  and  F  .

b. On February 04, 2009 Biggers also stated in a letter to Movant that Movant's father, the late Rellis Leon Easley, "did not file an answer" to the Moore County, Texas Child Support lien issue, see exhibit  B  , when the truth is Mr. Easley did file an answer to such on March 06, 2003 asserting several defenses regarding the lien being invalid and unenforcable because of laches and the statute of limitations mooting the child support arrearages and eventual judgement that became the basis of the lien. See exhibit  G  .

c. On March 13, 2009, Biggers allowed Hansford Co. County Court Judge Benny Wilson to authorize paying the Executrix $5,000.00 of frozen estate lien money from the $20,000.00 sale of the homestead property as payment for her executrix duties, when the Executrix had not completed her duties as Executrix of the estate, and when Biggers and the Executrix failed to inform Judge Wilson that the Executrix had already been paid in full for her executrix services when the Movant had previously given her an $8,500.00 4 x 4 Pick-up truck.

d. On November 04, 2010—the last date Movant had received any communication from Biggers— Biggers stated

2

in a letter to Movant that "We have drafted a Declaratory Judgment action to have the 84th Judicial Court rule on the validity of the child support lien". See exhibit __H__. Biggers never filed this action and never sent a copy of it to Movant's former attorney Mr. George Harwood, who no longer represents Movant but who was representing Movant on November 04, 2010.

e. On Novemeber 04, 2010 Biggers also stated in a letter to Movant that "We will be paying the remaining eatate funds from my trust account into the registry of the Court for disbursement according to the order of the Court. The amount is $13,232.54." See exhibit __H__. This transfer of funds never occured, so movant is concerned these funds may have been embezzled.

f. After Novemebr 04, 200 Biggers has ceased all communication with Movant and the Court has failed to perform any work in regard to resolving the remaining issues of the estate. Biggers has refused to reply to Movant's letters.

g. After March 13, 2009 Bigger's failed to inform this Court and Movant that the Executrix, on her own accord, has stopped serving as executrix of the estate. The Executrix has failed to reply to a single letter that Movant has written to her about the estate, including letters about the disposition of the estate's remaining property items.

WHEREFORE, PREMISES CONSIDERED, Movant prays for this Court to order Biggers to account for and transfer the $13,232.54 of estate money that it allegedly in his attorney trust fund account in to this Court's registry until a ruling by this Court is made on the validity of the child support lien.

Movant also prays that this Court, based on the foregoing facts, immediately dismiss Biggers Court appointment as an attorney of record for the estate of Rellis Leon Easley.

Lastly, Movant prays for any other relief in which he may be entitled.

3

Respectfully Submitted,

Kenneth Glenn Webb
TDCJ-CID No. 1454974
McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

Movant Pro Se

## VERIFICATION

Pursuant to Texas Civil Practices and Remedies Code, Sec. 132.001 - 132.003, I Kenneth Glenn Webb, TDCJ-CID No. 1454974, being presently incarcerated in the TDCJ-CID McConnell Unit in Beeville, Bee County, Texas declare under penalty of perjury that the foregoing is true and correct.

Date:

May 09, 2011

Kenneth Glenn Webb
Movant Pro Se

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was mailed First Class U.S. Mail, postage paid, on this the 9th day of May, 2011 to the following:

Cecil Biggers
Attorney at Law
P.O. Box 342
Spearman, Texas 79081

Kenneth Glenn Webb
Movant Pro Se

4

55

Law Office of
## CECIL R. BIGGERS
P.O. BOX 342
SPEARMAN, TEXAS 79081

Telephone: 806-659-5531
Telecopier: 806-659-5531

Paralegal: Yvette Hopper
e-mail: biggerslaw2@ptsi.net

November 4, 2010

Mr. Kenneth Webb
1454974
3001 Emily Dr.
Beeville, TX 78102

Re:    Estate of R.L. Easley, Hansford County, Spearman, Texas

Dear Mr. Webb:

We have drafted a Declaratory Judgment action to have the 84th Judicial District Court rule on the validity of the child support lien. I have previously contacted your Amarillo attorney on several occasions and will send him a copy of the proposed action for his comment prior to filing with the court.

You have previously been provided with copies of the account. We will be paying the remaining estate funds from my trust account into the registry of the court for disbursement according to the order of the court. The amount of the funds to be tendered into the registry is $13,232.54.

Since the 84th Judicial District Court still has jurisdiction over the estate by transfer from the County Court; we will file the paperwork to close the estate as soon as we have a ruling on the Declaratory Judgment action.

We will provide you with file stamped copies of the paperwork.

Sincerely yours,

Cecil R. Biggers

CRB:crb

Law Office Of
## CECIL R. BIGGERS
P.O. BOX 342
Spearman, Texas 79081

Telephone: 806.659.5531                                    Paralegal: Yvette Hopper
Telecopier: 806.659.5531
E-Mail: biggerslaw2@ptsi.net

June 12, 2008

Mr. Kenneth Webb #1454974
McConnel Unit
3001 S. Emily Dr.
Beeville, TX  78102

Re:   Estate of R.L. Easley, Deceased; Hansford County, Texas

Dear Mr. Webb:

Pursuant to your letter dated May 28, 2008, enclosed please find the following in regards to the estate of Mr. Easley.

| | |
|---|---|
| 1) | 1099-Misc Income form from SNW Operating Company (showing total monies paid for 2007); |
| 2) | 1099-Misc. Income Form from Cavallo Energy (showing total monies paid for 2007); |
| 3) | 1099-Misc. Income form from Linn Operating, Inc. (showing total monies paid for 2007); |
| 4) | 1099-Misc Income Form from DCP Midstream (showing total monies paid for 2007); |
| 5) | Direct deposit form from DCP Midstream; and |
| 6) | 1099-Misc. Income form from Valero Marketing & Supply Co. (showing total monies paid for 2007). |

All of the enclosed royalties have been transferred to you.

Most oil companies will not issue a check or make a deposit to your bank account until the payment is at least $100.00 or if it is less than $100.00 for the year they will make a check or deposit once a year.

So far, it appears that the lands that the royalties are coming off of you do not own an interest in. If you owned an interest in the land you would have to pay property taxes in each county that the land is located in.

**Law Office Of**
## CECIL R. BIGGERS
P.O. BOX 342
Spearman, Texas 79081

Telephone: 806.659.5531                                    Paralegal: Yvette Hopper
Telecopier: 806.659.5531
E-Mail: biggerslaw2@ptsi.net

July 24, 2008

Mr. Kenneth Webb #1454974
McConnel Unit
3001 S. Emily Dr.
Beeville, TX  78102

Re:  Estate of R.L. Easley, Deceased; Hansford County, Texas

Dear Mr. Webb:

In response to your letter dated June 30, 2008, wherein you questioned if royalties be deposited into your bank account in Borger, Texas. Ms. Walker has setup with all of the oil companies when disbursement of royalties is made the funds will be deposited into your bank account in Borger, Texas.

In response to your question of why Ms. Walker's name is on the division orders, Ms. Walker is signing your name by her as Power of Attorney. The documents will reflect Lou Walker as Power of Attorney for Kenneth Webb.

The estate has been open for 10 months as of July 19, 2008. The estate is still open in order to sell the real property of the estate. As soon as the real property is sold and Ms. Walker has concluded any other remaining business of the estate, we will close the estate.

In response to your request for an accounting I will ask Ms. Walker to forward to you a copy of the estate bank account along with the photocopies of the checks issued by her on behalf of the estate.

Ex4

58

Thank you for your cooperation in this matter. If you should have any questions please do not hesitate to contact me.

Sincerely yours,

Yvette L. Hopper
Paralegal

YLH:yh
Enclosures

Cc: Ms. Lou Walker

Ex 4
P

Law Office of
**CECIL R. BIGGERS**
P.O. Box 342
Spearman, Texas  79081

Telephone: 806-659-5531                                 Paralegal: Yvette Hopper
Telecopier: 806-659-5531

September 26, 2008

Mr. Kenneth Webb #1454974
McConnel Unit
3001 S. Emily Dr.
Beeville, TX  78102

Re:  Cause No. PRO-2514; Estate of Rellis Leon Easley, Deceased; Hansford County
Court, Spearman, Texas

Dear Mr. Webb:

As Ms. Walker has informed you, she has received an offer of sale on the real
property located in Spearman, Texas.

In order to proceed with the sale, Ms. Walker must file an Application for Sale of
Real Property and Application for Sale of Personal Property (mobile home elected as
personal property on title); with the Court and you must be served with a citation or file a
Waiver of Service of the filing of the application of sale.

Enclosed please find copies of the applications for sale that have been filed with
the Hansford County Court.

Also, enclosed please find two (2) Waivers of Service, one for each application.

In order for the sale to proceed we will need you to sign both waivers and return
the executed waivers to me for filing with the Court.

Once the signed waivers are received back and the expiration of ten (10) days
from the date of filing the applications for sale has expired; the Judge will consider the
applications and if meets to his approval sign an Order of Sale. After the Order of Sale is
signed then Ms. Walker can proceed with sale of the property.

Ex 4

CECIL R. BIGGERS, ATT. AT LAW
P.O. BOX 342
SPEARMAN, TEXAS 79081-0342

Jan 6. 2009

RE: ESTATE OF R.L. EASLEY

DEAR MR. BIGGERS,
    GREETINGS, I AM writing this LETTER IN REGARDS to the LEAN HELD on my FATHERS PROPERTY.
    I believe that this LIEN was FILED ON OR ABOUT the YEAR 2001. AFTER EXPIRATION of (4) FOUR YEARS, THIS LIEN becomes void because of OPERATION of LAW when A THIRD PERSON REQUIRES (ACQUIRES) SUCH PROPERTY as my-SELF. CIVIL P. REM. § 16.035 (A). AS WE KNOW, THERE ARE NO EXTENSIONS MADE ON this LIEN. THEREFORE, ANY SALE SHOULD BE ALLOWED to PROCEED.
    PLEASE CONTACT ME OR LOU with ANY NEW INFOR-mation governing this AND A COPY of THE LIEN. I APPRECIATE ANY HELP YOU CAN GIVE ME, CONCERNING THIS MATTER.

SINCERELY
Kenneth L Welch

CC to Self
    Lou Walker

TDCJ #1454974
3001 S. EMILY DR.
BEEVILLE, TX. 78102

Ex4

61

Law Office Of
# CECIL R. BIGGERS
P.O. BOX 342
Spearman, Texas 79081

Telephone: 806.659.5531                                    Paralegal: Yvette Hopper
Telecopier: 806.659.5531
E-Mail: biggerslaw2@ptsi.net

January 9, 2009

Mr. Kenneth G. Webb
TDCJ #1454974
3001 S. Emily Drive
Beeville, TX 78102
Re:    Estate of R.L. Easley, Deceased

Dear Mr. Webb:

Enclosed please find a copy of the child support lien filed on May 28, 2003.  Also enclosed is a copy of the title insurance commitment on the sale of real estate.

As you know, I represent the Estate of R.L. Easley, Deceased.

Your interpretation of Texas law is misplaced.  An heir to an estate receives "title" to the property of the estate upon the decedent's death; however, that property is received subject to all claims and liens.  A child-support lien does not "expire" after four (4) years.  A further problem is that mineral interests (including royalty interests) are subject to such a lien.

In this instance, the sale will proceed as the Court has approved the sale and the estate is bound by contract.  If we were to cancel the contract, the estate would be liable for damages.

The proceeds of sale will be deposited in a trust account to be held until we can best clear this lien either by payment, negotiation, or court order.

We will keep you informed as this matter progresses.

Sincerely yours,

Cecil R. Biggers

CRB:yh

In The Estate of     $ In the County     Pg 1-of 2
Rellis Leon Easley     $ Of
Deceased           $ Hansferd County, Texas

Re: Estate in Case No. PRO-2514.
Law office of Cecil R. Biggers

COPY 1/19/09 mailed

Greetings

I am writeing with regards to alleged "child Suport Lien" which was filed on 04/16/2003. There fer, I would Like to bring to your attention that, Under Family Code Section 157.005. The time Limitation for the enforcement of a child support obLigation is how Long a court has jurisdiction to inforce its "Order" However 10 years from the time the children turned 18.

There fer, Both childien are well over 40 years of age, And are barred by Family Code Section. 157.005, Civil Practice and Remedy Code. Sections. 31.006, And 34.001. Thus, this also covers the "12 year residual statote of limitations. See Burnett-Durham V. Spurgin 245 sw. 3d 14 (tex. App Dallas, 2007)

There fere, I feel that it will be appropriate to file a motion to dismiss for Lack of jurisdiction in "More County". A proper Motion will resolve all the alleged "Lien" issues in this County Court who issued such. There fer, laches, prevent the Lien from being enforced. The Court inpoosed arangements that could not be enforced, thereby, Lacking legal jurisdicton on this on this matter.

63

Nevertheless, if you so choose, I can file said motion in Moore County, with the above information. Furthermore, If more money is needed we can resolve that issue also.

Therefore, please inform me to this inquiry. And Thank you and your professional staff in this Matter.

cc Copy
Hansford County District Clerk
Moore County District clerk

The money goes to The spouse Not th Childvce.

Sincerely;
By Kennah L. Webb
Kenneth E. Webb
TDC-CID # 1454924
McConell Unit
3001 South Emily Dr.
Beeville Texas 78102
On 01/11/09

64

**Law Office Of**
**CECIL R. BIGGERS**
P.O. Box 342
Spearman, Texas 79081

Telephone: 806.659.5531                    Paralegal: Yvette Hopper
Telecopier: 806.659.5531
E-Mail: biggerslaw2@ptsi.net

January 29, 2009

Mr. Kenneth G. Webb
TDCJ # 1454974
McConnell Unit
3001 S. Emily Drive
Beeville, Texas 78102

Re:   Estate of R.L. Easley; Child Support Lien

Dear Mr. Webb:

I have received the copy of the letter you sent to the Hansford County and Moore County Clerks.  Please understand that this letter does not accomplish anything and that the clerks merely forward a copy of the letter to me.  Any motion that you file will be disregarded.  When you file a "motion" that motion must be set for hearing with the court and a ruling obtained thereon.  While you are serving a sentence, you cannot attend a hearing.

In your letter you reference Family Code Section 157.005.  This section refers to the time to enforce a child support arrearage by contempt (motion for enforcement).  It is not a general statute of limitations!

The matter we are dealing with is a Child Support Lien which is based on a Judgment for child support arrearage. If you research Judgments, they are enforceable for ten years, and may be renewed in ten year increments by filing a writ of execution within the ten year period.

The death of the person owing the child support and the death of the person to whom the support should be paid does not extinguish the lien.  The lien continues for the benefit of adult "children".

"Laches" only applies after the passage of a period of time (usually 'long') and is applied on a "case by case"

65

basis by the court.  In short, the doctrine of "Laches" does not apply in this matter.

The temporary solution is that the proceeds of sale are being held in my trust account after payment of expenses of sale.  We are researching the proper disposition of this matter and we will inform you when we have a course of action.

If you  have any questions please do not hesitate to contact me.

Sincerely yours,

Cecil R. Biggers

CRB:ylh

Law Office Of
**CECIL R. BIGGERS**
P.O. Box 342
Spearman, Texas 79081

Telephone: 806.659.5531                     Paralegal: Yvette Hopper
Telecopier: 806.659.5531
E-Mail: biggerslaw2@ptsi.net


January 29, 2009


Mr. Kenneth G. Webb
TDCJ # 1454974
McConnell Unit
3001 S. Emily Drive
Beeville, Texas 78102


Re:  Estate of R.L. Easley; Child Support Lien

Dear Mr. Webb:

I received your letter of February 3, 2009. I need to clarify that I do not represent you, I represent the Estate of R.L. Easley. To further clarify, my office has never represented to you in any of our correspondence that there were no liens on your father's property.

As to your concern about any contact to the parole board, there has been no contact from my office to the parole board on your case. You are correct that if an inmate were to send threatening mail to any individual, that individual could advise the parole board of the threat.

As to the matter in Moore County, Texas, that is a Judgement from a case in which your father did not file an answer and did not tend to during his life time. That judgment is final. The lien from that judgement is what is filed of record. A judgment lien in Texas attaches to any real property owned by the judgment debtor. This would include a house or mineral interest. That lien is effective when the judgment becomes final and is abstracted.

"A Motion to Dismiss Child Support Lien" as you have attempted to file is spurious; it has no effect.

If you have an attorney, have that attorney contact me and we will attempt to explain this situation to  you.  If

*Ex 4*

you are relying on "jail house" counsel, consider the source.

We will keep you notified of any actions we take to try to resolve the lien situation.

If you have any questions please do not hesitate to contact me.

Sincerely yours,

Cecil R. Biggers

CRB:ylh

Ex4

Law Office Of
**CECIL R. BIGGERS**
P.O. Box 342
Spearman, Texas 79081

Telephone: 806.659.5531
Telecopier: 806.659.5531
E-Mail: biggerslaw2@ptsi.net

Paralegal: Yvette Hopper

February 4, 2009

Mr. Kenneth G. Webb
TDCJ # 1454974
McConnell Unit
3001 S. Emily Drive
Beeville, Texas 78102

Re:    Estate of R.L. Easley; Child Support Lien

Dear Mr. Webb:

I received your letter of February 3, 2009. I need to clarify that I do not represent you, I represent the Estate of R.L. Easley.  To further clarify, <u>my office has never represented to you in any of our correspondence that there were no liens on your father's property.</u>
As to your concern about any contact to the parole board, there has been no contact from my office to the parole board on your case. You are correct that if an inmate were to send threatening mail to any individual, that individual could advise the parole board of the threat.

As to the matter in Moore County, Texas, that is a Judgement from a case in which your father did not file an answer and did not tend to during his life time. That judgment is final. The lien from that judgement is what is filed of record. A judgment lien in Texas attaches to any real property owned by the judgment debtor.  This would include a house or mineral interest.  That lien is effective when the judgment becomes final and is abstracted.

"A Motion to Dismiss Child Support Lien" as you have attempted to file is spurious; it has no effect.

If you have an attorney, have that attorney contact me and we will attempt to explain this situation to  you.  If

you are relying on "jail house" counsel, consider the source.

We will keep you notified of any actions we take to try to resolve the lien situation.

If you have any questions please do not hesitate to contact me.

Sincerely yours,

Cecil R. Biggers

CRB:ylh

Mr Kenneth Webb
TDCS-CIP NO. 1454924
Connally Unit,
899 FM 632
Kenedy Tx. 78119

copd

Date 12-27-2011

Mr Cecil R. Biggers
Attorney At Law.
Po Box 342
Spearman Tx. 79081

Re: In the Estate of Rellis Jean Easley, Deceased.
Case No. CV.- 04982
84th District Court Hansford County Texas.

Dear Mr. Biggers.

It's been over a year since the last time I heard from you. You have not did nothing in three years. Could you please tell me just how long it's going to take you to end my fathers probate. This is getting tube pretty ~~rediculos~~ rediclous. You have had over 13,000.00 from my fathers Estate for over 3 years now.

Ms Lou Walker has not and refuses to do anything with this matter. I need you to respond back ~~on this letter~~ I am at a new address please Look at the top of the headlins. Thank you

Sincerely:
Kenneth Webb

Copy-Myself

Ex 9t
P

71

Kenneth Webb

Copy mailed 5-29-2012

Date  5-29-2012

Cecil R. Biggers
13 west Kenneth St
Spearman Tx 79081          Re: Case CV. 04982

Sir I have not heard from you in a long time Last
Letter was Nov 4, 2010 dealing with me Father's Estate
Could You please let me know what You plan on doing?

Also I would like to know the Account Balance that
is under my Father's name there at First State Bank
Spearman Tx  Account #203424

                              Thank You for Your
                              Time
                              K Y W

ce. myself

EX 4
P.

Kenneth Webb

Date
6-17.212


Copy made 6-17-2012

Law Office
Cecil R Biggers
P.O Box 342
Spearman Tx 79081

Re. File No. CV. 04982

Well Mr Biggers the Last letter I got from you was dated 11-4-2010 the Last letter I wrote to you was dated 5-29-2012 I never have got no response.

Sir you have ben holding 13.232.54 of my fathers Estate for going on 4 years you have not filed any thing in my behalf in though's 4 years What are you going to do?

Also I would Like to know what is in my fathers Bank account that is Located at First State Bank Spearman Tx Account # 203424

With Respect
Kenneth Webb     Ex 4

73

Kenneth Webb
TPC#1454974
899 FM 632
Kennedy Tx 78119

July 4- 2012



Law Office of
Mr Cecil R. Biggers
P.O. Box 342
Spearman Tx. 79081

Re. My father's Estat Mr Rells
Leon Easley CV. 04982

Dear Mr Biggers
   Sir this is the 3rd Letter I have wrote asking about My father's Estat in the last few months Sir I do not have the money to fight you and I sure am not smart enough, I am just a person that is watching You do something very wrong, I am not a Angel by far. I have did alot of things wrong in life. But Sir please I beg you in Jesus Name. Please don't steal or keep the money you have from my father's Estate. I don't know why You are doing this But you have ben setting on this case for way to long. I have died everything posible for you to Just turn everything over to the Court. You simply Refuse to do this. I can not understand why you are doing this to me or my father We are folks that don't even have any kind of money. I Beg you Mr Bigger. turn this over to the Court Let it go. Eather the Judge will give the money to my ½ Brother or Sister or me. But it does not belong to you. Mr Bigger. Please Let my father rest. What you are doing is very wrong.
   Please Sir I don't know what els to say.

Respectfully
Kenneth Webb
7-4
P

Kenneth Webb 1454929
899 FM 632
Kennedy TX 78119

Law Office Of
Cecil R Biggers                Date. 9-25-2012
P.O. Box 342
Spearman Tx 79081

Re. My father Estate
Mr Rell & leon Easely
Case CV. 04982

Copy
mailed
9-25-2012

Dear Cecil Biggers

Hey how's it going? I hope you are doing alright
Sir. I really want to explain a few things. And doing so
maybe you can help me understand what's going on.
You know Mr Biggers the first and formost thing I want
you to understand. Why do you think I would Ok the
sale of my fathers property, if I was not going to
receave the money (that is really crazy) I could have
Keeped that property entill I died. Then I told
Lou to Sale a Boat It was sold for 500.00 that was
also not given to me. Again Do you think I oked that
to just give money away. (Come on Mr Biggers-) You have
not reported any of this to the court well at least
the sale of the Boat or the Pickup that was given to
Lou walker You did get a Judge to Ok. the 500.00 cash
You gave Lou walker out of the Money that supose to be
hild for this lien. You have had this Money from
the sale of RL's Property since Jan 2009 That's
real close to 4 years now. You have not formed

EX 4

any tipe of Motion to try to show the Judge that the lien really isn't any good by Texas Family Code of Law.

1. The parent has 10 years from the finnel child suport payment That is when the child turnes 18 of age. But Texas even give a little more time 2 years grace time. so that put's it at 12 years. the two kids in this matter were way past that age when the lien was put into action

2. The woman did get a Judge to OK. the lien I do enderstand that But it was not the Law. There was a grate mistake made. But it was doen She got a lot of money from my father

3. My father did hire a Lawyer to fight it And he was fighting it on the grounds of the 12 year time limit But My father did not persue it. I have the's Record's and you do to Because that's how I got them (from your record's)

4. Now I am in power of this property I Inhertied this ownership of all property. As a Attorney, why have you not help clear this matter and close this case?

If you do not answer this letter I will be A sending a complaint form and copy of this letter and dockemats to CAAP

With Respect
Kennett Webb-

Kenneth Webb
TDC 1454974
899 F 632
Kenedy Tx 79118

Copy mailed 11-26-2012

Re: CV. 04982

Cecil Biggers
13 west Kenneth St. Spearman T. 79081

Dear Cecil Bigger

Sir, I have not got a update on my father's probate in a very long time. Can you please do this for me.

If You have turned all moneys pertaning to this case to the court I would like some kind of record showing this.

Also have You told Mrs Lou Walker not to write me and keep me up on things dealing with this probate?

If You have not turned in all moneys to the court Have you turned in a Motion letting the Judge Know that the Spouse that fild the lien of back child suport By Texas's Family Code she did wait past the 10 years ploss 2 extra years grace that Texas gives to file past the final payment of the kids being 18 of age. By Texas law, is should have never ben good. I understand Judges make mistakes. I am not wanting to cause any problems. But please Explam

With Respect Kenneth

Kenneth Webb
1454974
899 FM 632
Kenedy Tx 78119

Cecil Biggers
13 west Kennett St.
Spearman Tx. 79081

Date 5-20-2013
Re: CV-04982

Dear Mr. Biggers

Please write me and tell me what is going on. I mailed you a Motion that I fill like could help me. You have not wrote back and told me anything.

Have you turned the money that you have of my fathers sale of property to the court?

I really would like to know and have some kind of court paper showing this

Please Mr Biggers. You have had this money for 4 years and 5 months now.

I need to know what you have done!

By Law you can hold property for 5 years is that what you are doing?

(P.S Please Send that Motion on child support back)

(copy self.)

Thankyou Kenneth Webb Ex #4

78

Kenneth Webb
TDC# 1454974
879 FM 932
Kenedy Tx 78119

Dated 7-28-2013

Attorney At Law.
Mr Cecil R. Biggers
P.O. Box 342
Spearman Tx 79081

Re: Case CV. 04982

Mr Biggers I have wrote you alot over the Last few years. I have not got no Replie. I am going to try this one more time befor writeing to the State Bar Of Texas.

Last letter you wrote me was Oct 10 2010. Have you put the money that is of the sale of my father's Estate in the hand's of the Court's? It is 13.232.54 Also the money that is in the First State Bank Spearman Tx Account # 203424 under my Father name Rolles leon Easley this has ben going on since Jan 2009

I filed a Motion Contesting Child Suport lien. I sent you a copy of it Dated 5-20-2013

Please let me know if all money of the Estate is in the Court's hand's?

Thank you
Kenneth Webb

Hand Written copy
self.

Kenneth Webb
TDC. 1454974
899 FM 632
Kenedy Tx. 78119

Copy
Mailed
(3-24-2014)

Law Office Of
Cecil R. Biggers
P.O. Box 342
Spearman Tx 79108

Date 3-23-2014

Re. Estate of R.L. Easley Deceased Hansford County Tx

Dear Mr. Biggers

Can you please give me some kind of up to date report dealing with my father's Estate

1. What are you going to do with the 13,232.54 you have From the sale of my Father's Trailer Home.

2. Also what are you going to do with the money that is under my Father's name in First State Bank of Spearman Tx And any other property you have controle of from my Father's Estate

I would really like to know what is going on.

Thank you
Kenneth Webb

EX 4

80

Law Office Of
**CECIL R. BIGGERS**
P.O. BOX 342
Spearman, Texas 79081

Telephone: 806.659.5531                                    Paralegal:  Yvette Hopper
Telecopier: 806.659.5531                                   E-Mail: biggerslaw2@ptsi.net

May 29, 2014

Kenneth Webb
#1454974
899 FM632
Kenedy, Texas 79118

Re:    Easley Probate

Dear Mr. Webb:

It is still my intent to pay the remainder of the funds from the estate into the registry of the Court.  I had hoped that you might be up for parole so that you could get representation.  No actions have been done in the estate other than to renew the bond of the Executrix per statute.
We will do a final accounting on the estate, so that the estate may be closed.  I still believe that we will need to file an action for the court to determine the validity of the child support lien.  I will file your pleading with this and return a copy to you.

We have been unable to locate your siblings and I believe that this will work in your favor.
You will be copied with pleadings and a copy of the clerk's receipt when we get this done.

I think we are all ready to get this matter settled.

Sincerely yours,

Cecil R. Biggers

CRB:yh

Kenneth Webb TDC#1454974
Connally Unit
899 FM 632
Kenedy Tx 79118

Copy
Mailed

Date 5-5-2014

Law Office of
Cecil R. Biggers
P.O. Box 342
Spearman Tx 79081

Re: Mr Easleys Probate

Dear Mr Cecil.

I really don't know what your problem is. You will not write and let me know any thing dealing with my Fathers probate. I know you do not work for me. But out of a little respect I would think you would at least take five min and tell me what is going on.

The Exectrix Ms lou walker has not informed me of anything about this Probate since 2010 Maybe you can tell her to write and tell me what is going on. But I don't care who really writes But I would be very gratefull for some kind of information.

Copy my self

Kenneth Webb

Ex 4

82

CAUSE NO. CV-04982

IN THE ESTATE OF                    §              IN   THE

RELLIS LEON EASLEY,                 §      84TH JUDICIAL DISTRICT COURT

DECEASED.                           §        OF HANSFORD COUNTY, TEXAS

## MOVANT'S SUMMARY MOTION TO REMOVE
## INVALID OR UNENFORCEABLE CHILD SUPPORT LIEN

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Movant Kenneth  Glenn  Webb  ("Movant"),  in  Pro Se, filing this his Summary Motion to Remove an Invalid or Unenforceable  Child  Support  Lien,  pursuant to the provisions of the Texas  Civil  Practice  and  Remedies  Code,  Sections 31.006 and 34.001: Texas  Family  Code,  Sections  157.261 (a), 157.312(d); and Texas  Government  Code,  Sections  311.011  and  311.021(2). In support, Movant offers the following:

### I.
### JURISDICTION

This  Court  has  jurisdiction  over  the  subject matter and the parties in this case.

### II.
### FACTS PERTAINING  TO THE PARTIES

1.  Rellis  Leon  Easley  ("Decedant")  is the Decedant for the above  styled  and  numbered  cause.   The Decedant died on March 09,  2007.   The Decedant was the obligor of a Moore County Court at  Law  child  support  lien,  notice of which was filed on May 28,



at 10:00 o'clock A.m. 5-20 A.D., 20ll
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _____, Deputy



COPY

83

2003 in Moore County, Texas. See exhibit "A". Decedant was the paternal parent of adult children Kenneth Glenn Webb, Debra Ann Easley, and Michael Wayne Easley.

The 2003 Moore County Child Support Lien only pertained to the Decedant's two adult-children Debra Ann Easley and Michael Wayne Easley. The Child Support Lien was immediatley filed after the Moore Co. Court at Law placed a judgment for child support arrearage against Decedant on April 16, 2003. See exhibit "B".

Debra Ann Easley and Michael Easley resulted from the Decedant's brief marriage to Audrey Stinnett, who is also deceased and who was the Moore Co. Child Support Lien Obligee. Kenneth Glenn Webb resulted from the Decedant's subsequent relationship with Ruby Pauline Webb, who is also deceased. The Deced ant named only Kennneth Glenn Webb as his sole heir to his estate.

2. Audrey K. Stinnett ("Stinnett") died on August 21, 2004. She was the Obligee of the above-mentioned Child Support Lien. Stinnett is the biological maternal parent of Debra Easley and Michael Easley, both resulting from Stinnett's short marriage to the Decedant. After divorcing the Decedant on February 02, 1965, Stinnett quickly remarried a Mr. Stinnett. (Mr. Stinnett adopted Debra Easley and Michael Easley, giving them his name, raising them and supporting them).

3. Kenneth Glenn Webb ("Movant") is the biological son of the Decedant. Movant is the sole heir to the Decedant's estate. Movant was born January 27, 1969. Movant's maternal parent is

2

84

Ruby Pauline Webb, now deceased. Movant is presently 42 years old.

4. Michael Wayne Easley ("Michael Easley") now known as Mike Stinnett, is the biological son of the Decedant and Stinnett. He was born on September 28, 1963 and is presently 47 years old. Michael Easley is the youngest of the two children that are the basis of the disputed 2003 Child Support Lien.

5. Debra Ann Easley ("Debra Easley"), now known as Debbie Holt, is the biological daughter of the Decedant and Stinnett. She was born on June 26, 1962 and is presently 48 years old. Debra Easley is the oldest of the two adult-children that are the basis of the disputed 2003 Child Support Lien.

## III.

### CHILD SUPPORT LIEN FACTUAL BACKGROUND

### AND PROCEDURAL HISTORY

On April 16, 2003, current presiding Moore Co. Court at Law Judge Delwin McGee issued a judgment for child support arrearage against the Decedant. See exhibit "B". Judge McGee found that Decedant was in "arrears in the amount of $20,175 for the period February 8, 1965 through May 26, 1982 and that interest [had] accrued on those previously unconfirmed arrearage in the amount of $59,933.61". Judge McGee then awarded Stinnett a judgment of $80,108.61, plus attorney fees for a total judgment of $82,-

3

733.61 against the Decedant, ordering all monies in the Decedant's First State Bank accounts to be seized and delivered to Stinnett.

On May 28, 2003 a notice of Child Support Lien for $38,026.11 was filed in Moore County, Texas against all non-exempt real and personal property owned by the Decedant. See exhibit "A". Therefore, between April 17, 2003 and May 28, 2003, $44,707.50 was seized from the Decedant and paid to Stinnett. ($82,733.61 — $44,707.50 = $38,026.11).

On March 16, 2003, prior to Judge McGee's April 16, 2003 judgment, the Decedant filed an answer, See exhibit "C", contesting Stinnett's Motion to Confirm Child Support Arrearage. See exhibit "D". The Decedant asserted defenses to not owing the child support, specifically stating the Stinnett was barred from bringing her payment of back child support request based on the provisions of sections 31.006 and 34.001 of the Texas Practice Remedies Code and based on the "Statute of Limitations", "Laches", and exceeding the remedial boundaries of chapter 157, sub-chapter F of the Texas Family Code. Stinnett sought to rebut Decedant's Answer with her Response to Respondent's Defenses. See exhibit "E".

From May 26, 1982, the date the Decedant owed his last child support payment until Moore County Judge McGee's April 16, 2007 judgment for child support arrearage, approximately (21) years had elapsed without Stinnett taking any action to obtain back child support from the Decedant.

## IV.

## THE CHILD SUPPORT LIEN IS LEGALLY TIME
## BARRED AND UNENFORCEABLE

### THE LAW

**STATUTORY CONSTRUCTION**

Statutory construction is a legal question that Courts review De Novo. In the Interest of C.A.T., a Child, 316 SW 3d 202,206 (Tex.App.—Dallas 2010). When constructing a statute, a Court's objective is to ascertain and give effect to the legislature's intent. Coleman v. Coleman, 170 SW 3d 231,235-236- (Tex.App. 2005,pet.denied). A court must look to the plain and common meaning of the language and statute. Tex. Govt. Code Ann § 311.011 (Vernon 2005). The statute must be read as a whole, not just in isolated portions. Tex. Dep't. of Transp. V. City of Sunset Valley, 146 SW 3d 637,642 (Tex 2004). Courts should give effect to "every sentence, clause, and word of statute so that no part thereof [will] be rendered superfluous." Russell v. Wendy's Int'l.,Inc., 219 SW 3d 629, 638-39 (Tedx.App.—Dallas 2007, pet.dism'd.). When interpreting a statute, it is presumed the entire statute is intended to be effective. Tex Govt. Code § 311.021(2) (Vernon 2005). A Court should consider the objective the law seeks to obtain and the consequences of a particular construction. Coleman, 170- SW 3d at 236. Lastly, a Court should not give a statute meaning that conflicts with other provisions if the Court can reason-

5

ably harmonize the provisions.  Id.

## TEXAS FAMILY CODE

Texas Family Code, Sec. 157.261(a) provides "a child support payment not timely made constitutes a final judgment for the amount due and owing." Tex. Fam. Code Ann. § 157.261(a). (Vernon, 2002).  The plain and common meaning of the statute is clear: Once a child support payment is overdue, it becomes a final judgment.  "Final Judgment" is defined as "A Court's last action that settles the rights of the parties and disposes of all the issues in controversy..." Blacks Law Dictionary, pg. 847 (7th ed. 1999).  It is presumed the legislature knows the meaning of "Final Judgment" and there is nothing within the statute implying the legislature intended "Final Judgment" to have a different meaning within the context of the Family Code.  See Tex. Govt. Code Ann. § 311.011.

Texas Family Code § 157.132 (d) provides:

> A child support lien arises by operation of law against real and personal property of an obligor for all amount of child support due and owing, including any accrued interest, regardless of whether the amounts have been adjusted or otherwise determined, subject to the requirement of this sub-chapter for perfection of the lien.

## TEXAS CIVIL PRACTICE REMEDIES CODE

Texas Civil Practice Remedies Code § 34.001 (a)(b) provides:

> (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a Court of record or a Justice Court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

6

(b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after [the] issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

Texas Civil Practice Remedies Code § 31.006 provides:

A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant.

## APPLYING THE LAW TO THE FACTS

The Defendant's obligation to make weekly child support payments ended when his youngest child by Stinnett, Michael Easley, turned eighteen years old on September 28, 1981. Because Texas Family Code, Section 157.261 applies, the Final missed child support payment, occurring on May 26, 1982, became a final judgment at that time. Texas Civil Practice Remedies Code, Section 34.001 (a) provides if a writ of execution is not resolved within ten years after the rendition of judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued unless it is revived. Tex. Civ. Prac.. & Rem. Code Ann. § 34.001 (Vernon 1997). A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date the judgment becomes dormant, neither of which occurred in this case. Id. 31.006. Thus, the Civil Practice and Remedies Code provides a twelve-year "residual" limitations for final judgments.

7

84

The mandate of the Civil Practice and Remedies Code is clear: if a writ of execution is not issued within ten years after the rendition of a judgment by a court of record and is not "revived", the judgment is dormant. Id. §§ 31.006, 34.001.

There simply is no exception for Family Law cases; they are, after all, "Courts of Record." See In Re S.C.S., 48 SW 3d 831,-840 (Tex.App.--Hou.[14th Dist] 2001, pet. denied). Therefore, regardless of whether a party tries to reduce arrearages to a cumulative judgment or not, a parent must take actions to obtain arrearages within a timely manner, which Stinnett failed to do. Applying the residual twelve-year limitations, Stinnett had until May 26, 1994 to take some action with a Court on the Decedant's back child support obligations. This she failed to do when she finally obtained a child support arrearages judg— ment through Moore County Court at Law in 2003. Waiting until 2003, an additional nine years after permanent dormancy occured in 1994, to seek a back child support arrearages judgment and a lien from Moore County Court at Law, after the children— Michael Easley and Debra Easley— are well into adulthood, is just too long.

Texas Family Code Section 157.312 (d), a child support lien, was not available to Stinnett. Section 157.312 (d) provides a child support lien arises by operation of law for all amounts of child support due and owing regardless of whether the amounts have been adjudicated or otherwise determined. Tex. Fam. Code Ann., Sec. 157.312 (d) (Vernon Supp. 2007). Here, because the arrearages were determined and constituted a Final Judgment

8

92

years after the youngest son reached eighteen will serve to protect the children's interests. To the extent one may argue the arrearages serve as reimbursement to the custodial parent for monies spent on the children, Burnett—Dunham had remedies available to her years ago; however, for whatever reason, she chose not to pursue them.

We further acknowledge, Spurgin has plainly failed to fulfill an important responsibility to his children, but neither his culpability nor a public policy favoring the payment of child support precludes the legislature from imposing time limits for how long a parent may seek arrearages once the child has reached maturity. See e.g. Dept. Econ. Sec. v. Hayden, 210 Ariz. 522, 115 p. 3d 116, 120-21 (2005). As such, we cannot justify ignoring specific statutory mandates enacted by the legislature regarding the dormacy of judgments. This policy likewise encourages a reasonably prompt accounting of the support arrearages before relevant evidence becomes hard to obtain or is unavailable. Id. arguments as to the wisdom of this policy are appropriatly directed to the legislature, not the courts.

## V.

## CONCLUSION

As is clear from firmly established Texas statutory law and Texas case law, the Moore County Court at Law got it wrong and should never have granted Stinnett a judgment for child support arrearages in April 2003, nor allowed her to subsequently place a child support lien against the Decedant's estate property interests in May 2003.

Therefore, this Court should rule that Stinnett's child support lien against the Decedant is invalid or unenforceable. This Court should also take into consideration the remarkable fact that the Decedant did pay Stinnett $44,707.50 ($20,175 principle amount plus $24,532.50 in interests) while she was alive.

10

92

WHEREFORE, PREMISES CONSIDERED, Movant prays for the following relief:

1. That this Court enter a judgment declaring that the 2003 Moore County child support lien placed against the personal and real non exempt property of the Estate of Rellis Leon Easley is invalid or unenforceable under clearly established Texas Law.

2. That this Court order that a check payable to Kenneth Glenn Webb for all Estate cash balances currently held in this Court's registry, in attorney Cecil Biggers trust account, and or at First State Bank in Spearman, Texas be mailed to Movant in care of Movant's sister. Movant's sister's address information is:

> Mr. Kenneth Glenn Webb
> C/O Jaquita Alonzo
> 401 South Manhattan
> Amarillo, Texas 79104
> ph. 806·373.6339

3. That, in the interests of justice, this court enter a counter-claim judgment against the Estate of Audrey Stinnett for $44,707.50 that was originally seized from the Decedant's Estate in 2003 because of the Moore County faulty judgment and unenforcable or invalid child support lien.

4. That this Court order any other relief to which Movant may be entitled.

Respectfully Submitted,

Kenneth Glenn Webb
TDCJ-CID No. 1454974
McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102
ph. 361·362·2300
Movant Pro Se

11

93

## VERIFICATION

Pursuant to Texas Civil Practices and Remedies Code, Sections 132.001 — 132.003, I Kenneth Glenn Webb, TDCJ-CID No. 1454974, being presently incarcerated in the TDCJ-CID McConnell Unit in Beeville, Bee County, Texas declare under penalty of perjury that the foregoing is true and correct.

_____
Kenneth Glenn Webb
Movant Pro Se


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was mailed First Class U.S. Mail, Postage prepaid, on this the 9th day of May, 2011 to the following:

Ms. Debbie Holt  
306 North Meredith Ave.  
Dumas, Texas 79029

Mr. Mike Stinnett  
C/O Debbie Holt  
306 North Meredith Ave.  
Dumas, Texas 79029

_____
Kenneth Glenn Webb
Movant Pro Se

12.

94



CAUSE NO.

4281

IN THE MATTER OF    §
THE MARRIAGE OF:

                      §
AUDREY K. STINNETT
&

RELLIS L. EASLEY     §

and **IN THE INTEREST OF:**   §

DEBRA & MICHAEL EASLEY(children)

IN THE COUNTY COURT

AT LAW          OF

MOORE COUNTY, TEXAS

## RESPONDENT'S MOTION TO DISMISS CHILD SUPPORT LIEN
## FROM LACK OF JURISDICTION TO IMPOSE ARREARAGE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Kenneth Webb on behalf of the estate of Rellis
Easley and respectfully moves this Court to dismiss the child
support lien from lack of jurisdiction to impose arrearage
and in support thereof will offer the following:

I

## LACKING JURISDICTION AND TIME BARRED UNDER FAMILY CODE §157.005(b)

The children within this action are well over the age of 45
years. This was filed April 16,2003. So at the time of filing
this child support lien, there had been approximately 22 years
elasped from the final judgment. This Court lacks jurisdiction
to impose any arrearage, thus rendering the lien unenforcable.
See **Family Code §157.005(b)** and **Burnett-Dunham v Spurgin 245
SW3d 14(Tex.-App.Dallas 2007); Civil Practice and Remedies
Code 31.006 and 34.001.**

II

## TIME BARRED UNDER CIV. PRAC. AND REM. §31.006 and §34.001

Texas Family Code Section 157.261(a) provides a child support
payment not timely made constitutes a final judgment for the

1



amount due and owing. A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date the judgment becomes dormant. Neither of which occurred in this case. **Id Civ.Prac.Rem.code §31.006.** Thus, the civil practice and remedies code provides a twelve-year "residual" limitations period for final judgment. The children in question within this suit are over 45 years of age, therefore a final judgment began when they were 18 years of age. The child support lien was filed April 16,2003;(22 years has expired). Appeal courts have recently applied the dormancy statutes to past due child support and concluded 27 years was too long to wait and attempt to collect such. See **Cade v Stevens 207 SW3d 909 at 911(Tex.App.-Dallas 2006).** The mandate of civil practice and remedies code is clear; If a writ of execution is not issued within 10 years after the rendition of a judgment by a court of record and is not revived, the judgment is dormant. **Te.Civ.Prac. Rem.Code Ann.§§31.006,34.001.** There is no exception for family law cases. See **Re S.C.S. 48 SW3d at 840.** The parent had until april of 1981 to take some action with the court and she failed to do so. Also Ms. stinnett has passed away, Because the residual 12 year statute of limitations also applies, Ms. Stinnett's attempt to collect arrearages through the levy provisions are time-barred. The same is likewise true for her attempts to collect under a child support lien.

### III

### RESPONDENT KENNETH WEBB'S INTEREST
### UNDER FAMILY CODE §157.326

continue...

2

Kenneth Webb is the sole heir of the estate of Rellis L. Easley. This property is the only home to Mr. Webb and has a special interest in this home as his Father willed such to him. Rellis Easley conveyed to Mr. Webb that this property in question was his to live in well before April 16,2003.

### CONCLUSION AND PRAYER

Respondent Kenneth Webb prays that this Honorable Court dismiss this claim for lack of jurisdiction and this action being time-barred, drop said child support lien and allow Mr. Webb to obtain ownership of said property and any other relief allowable by law.

RESPECTFULLY SUBMITTED,

DATED 1-16-2009

KENNETH WEBB, Pro Se
#1454974
3001 SOUTH EMILY DR.
BEEVILLE, TEXAS 78102

3

IN THE #971 COURT ___ vs. ___ EXHIBIT "D"

| DATE RECEIVED | | | FROM WHOM RECEIVED | Amount in Cash | Received Amount From Clerk | DATE PAID | | | TO WHOM PAID |
|---|---|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | | Month | Day | Year | |
| 6 | 26 | 64 | Rellis L. Easley | 50 00 | 50 00 | 6 | 26 | 64 | Audry Easley |
| 7 | 7 | 64 | " " " | 25 00 | 25 00 | 7 | 8 | 64 | Deposited to Audrey Easley |
| 7 | 14 | 64 | " " " | 25 00 | 25 00 | 7 | 14 | 64 | " " " |
| 7 | 21 | 64 | " " " | 25 00 | 25 00 | 7 | 22 | 64 | " " " |
| 7 | 28 | 64 | " " " | 25 00 | 25 00 | 7 | 28 | 64 | " " " |
| 8 | 5 | 64 | " " " | 25 00 | 25 00 | 8 | 5 | 64 | " " " |
| 8 | 10 | 64 | " " " | 25 00 | 25 00 | 8 | 10 | 64 | " " " |
| 8 | 19 | 64 | " " " | 12 00 | 12 00 | 8 | 19 | 64 | " " " |
| 8 | 27 | 64 | " " | 25 00 | 25 00 | 8 | 27 | 64 | " " " |
| 11 | 23 | 64 | " " | 50 00 | 50 00 | 11 | 23 | 64 | " " " |
| 12 | 1 | 65 | " " " | 50 00 | 50 00 | 12 | 1 | 65 | " " " |
| 1 | 3 | 66 | " " " | 50 00 | 50 00 | 1 | 3 | 66 | " " " |
| 2 | 1 | 66 | " " " | 50 00 | 50 00 | 2 | 1 | 66 | Deposit to Audrey Easley |
| 3 | 2 | 66 | " " " | 50 00 | 50 00 | 3 | 3 | 66 | " |
| 4 | 4 | 66 | " " " | 50 00 | 50 00 | 4 | 4 | 66 | " " " |
| 5 | 4 | 66 | " " " | 50 00 | 50 00 | 5 | 4 | 66 | " " " |
| 6 | 6 | 66 | " " " | 50 00 | 50 00 | 6 | 7 | 66 | " " " |
| 7 | 1 | 66 | " " " | 50 00 | 50 00 | 7 | 1 | 66 | " " " |
| 8 | 3 | 66 | " " " | 50 00 | 50 00 | 8 | 3 | 66 | " " " |
| 9 | 6 | 66 | Rellis L. Easley | 50 00 | 50 00 | 9 | 6 | 66 | " " " |
| 10 | 6 | 66 | " " " | 50 00 | 50 00 | 10 | 6 | 66 | " " " |
| 11 | 7 | 66 | " " " | 50 00 | 50 00 | 11 | 7 | 66 | " " " |
| 12 | 6 | 66 | " " " | 50 00 | 50 00 | 12 | 6 | 66 | mailed to Audrey Stinnett |
| 1 | 6 | 67 | " " " | 50 00 | 50 00 | 1 | 6 | 67 | |
| 2 | 13 | 67 | " " | 50 00 | 50 00 | 2 | 13 | 67 | " " " |
| 3 | 7 | 67 | " " | 50 00 | 50 00 | 3 | 7 | 67 | " " " |
| 4 | 12 | 67 | " " | 50 00 | 50 00 | 4 | 12 | 67 | " " " |
| 5 | 23 | 67 | " " | 50 00 | 50 00 | 5 | 23 | 67 | " " " |
| 7 | 10 | 67 | " " June | 50 00 | 50 00 | 7 | 10 | 67 | " " " |
| 8 | 18 | 67 | " " | 50 00 | 50 00 | 8 | 18 | 67 | " " " |
| 9 | 21 | 67 | " " | 50 00 | 50 | 9 | 21 | 67 | " " " |
| 11 | 1 | 67 | " " | 51 00 | 51 00 | 11 | 1 | 67 | " " |
| 12 | 19 | 67 | " " | 50 00 | 50 00 | 12 | 19 | 67 | " " |
| 2 | 26 | 68 | " " | 50 00 | 50 00 | 2 | 26 | 68 | " " |
| 3 | 27 | 68 | " " | 50 00 | 50 00 | 3 | 27 | 68 | " " " |
| 4 | 10 | 68 | " " | 50 00 | 50 00 | 4 | 10 | 68 | " " " |
| 7 | 11 | 68 | " " | 25 00 | 25 00 | 7 | 11 | 68 | " " " |

**Exhibit "A"**

"I AM AWARE THAT IT IS THE POLICY OF THE STATE OF TEXAS TO PROMOTE THE AMICABLE AND NONJUDICIAL SETTLEMENT OF DISPUTES INVOLVING CHILDREN AND FAMILIES. I AM AWARE OF ALTERNATIVE DISPUTE RESOLUTION METHODS INCLUDING MEDIATION. WHILE I RECOGNIZE THAT ALTERNATIVE DISPUTE RESOLUTION IS AN ALTERNATIVE TO AND NOT A SUBSTITUTE FOR A TRIAL AND THAT THIS CASE MAY BE TRIED IF IT IS NOT SETTLED, I REPRESENT TO THE COURT THAT I WILL ATTEMPT IN GOOD FAITH TO RESOLVE CONTESTED ISSUES IN THIS CASE BY ALTERNATIVE DISPUTE RESOLUTION WITHOUT THE NECESSITY OF COURT INTERVENTION."

Audrey K. Stinnett f/k/a Audrey K. Easley

301/734/OR page 1

EXHIBIT "A"

VOL. 301 PAGE 734

64433

NO. 4281

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§<br>§ | IN COUNTY COURT AT LAW |
| AUDREY K. STINNETT<br>AND<br>RELLIS L. EASLEY | Clerk's File #64433<br>§<br>§<br>§<br>§ | OF |
| AND IN THE INTEREST OF<br>DEBRA ANN EASLEY AND MICHAEL<br>WAYNE EASLEY, CHILDREN | §<br>§<br>§ | MOORE COUNTY, TEXAS |

## NOTICE OF CHILD SUPPORT LIEN

Persons Receiving Notice:

Name: RELLIS L. EASLEY

Address: 111 BarkleyCourt, Spearman, Texas 79081-0247

Obligor:

Name: RELLIS L. EASLEY

Aliases: R.L. Easley

Address: 111 BarkleyCourt, Spearman, Texas 79081-0247

Birth date: 06/01/1938

Driver's license number: 111317844

Social Security number: unknown

Obligee:

Name: Audrey K. Stinnett

Social Security number: 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

Filed at 10.00 o'clock A.M., 5-28-A.D., 20 03
KIM V. VERA, Clerk, County Court
Hansford County, Texas

By _Janet Torres_ , Deputy

---
Notice of Child Support Lien AUDREY K. STINNETT v. RELLIS L.
EASLEY

(1)

100

Child Support Payment Information:

Amount of child-support arrears: $38026.11

Date of order or writ that determined arrears: 04/16/2003

Date arrears determined if different from above: N/A

Rate of interest on arrears: 6 percent

Amount of current child support obligation: $NONE

Frequency of child support payment: Weekly

The lien is asserted by Rellis L.Easley, 111 Barkley, Spearman, TX 79081.

The motor vehicle number shown on Obligor's title is NONE.

This lien attaches to all nonexempt real and personal property of the obligor that is located or recorded in the state, including any property specifically identified in this notice.

Any ordered child support not timely paid in the future constitutes a final judgment for the amount due and owing, including interest, and accrues up to an amount that may not exceed the lien amount.

The obligor is being provided a copy of the lien notice, and obligor may dispute the arrearage amount by filing suit under Section 157.323, Family Code.

It is anticipated that additional arrears will accrue, and, on judicial foreclosure of this lien, the Court will be requested to confirm all amounts then due.

I swear that the above facts are true and correct.

Louis T. Dubuque
Louis T. Dubuque, P.C.

Notice of Child Support Lien AUDREY K. STINNETT v. RELLIS L. EASLEY

EXB 5. 20

EXHIBIT "A"

VOL. 301 PAGE 736

105 W. 7th
P. O. Box 1085
Dumas, TX 79029
Tel: (806) 935-6451
Fax: (806) 935-5611

SIGNED under oath before me on May 23, 2003.



Notary Public, State of Texas

CORINA DAVILA
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 02-17-2007

Filed:        May 28, 2003, at 10:00 o'clock A. M., and recorded

in Volume 301, Page 734, Official Records of Hansford

County, Texas.

Notice of Child Support Lien AUDREY K. STINNETT v. RELLIS L. EASLEY

(3)

102



Exhibit "D"

## NO. 4281

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§<br>§ | IN COUNTY COURT AT LAW |
| AUDREY K. STINNETT<br>AND<br>RELLIS L. EASLEY | §<br>§<br>§<br>§ | OF |
| AND IN THE INTEREST OF<br>DEBRA ANN EASLEY AND MICHAEL<br>WAYNE EASLEY, CHILDREN | §<br>§<br>§<br>§ | MOORE COUNTY, TEXAS |

### MOTION TO CONFIRM CHILD SUPPORT ARREARAGE

This Motion to Confirm Child-Support Arrearage is brought by Audrey K. Stinnett,

Movant, formally known as Audrey K. Easley, obligee. In support, Movant shows:

1.      Discovery in this case is intended to be conducted under level 1 of rule 190

of the Texas Rules of Civil Procedure.

2.      Movant is a resident of Dumas, TX.

3.      The children the subject of this suit are:

Name:  **Debra Ann Easley**

Sex: female

Birthplace: Texas

Birth date: 06/26/1962

Present address:  Dumas, TX

Name:  **Michael Wayne Easley**

Sex: male

F:\HOME\LDUBUQUE\FAMILY\STINNETT, AUDREY - MTN TO CONFIRM CS ARREARAGE
2003-026-L                                                                                                                    PAGE 1



Birthplace: Texas

Birth date: 09/28/1963

Present address: Dumas, TX

4.      This Court has continuing, exclusive jurisdiction of this case as a result of prior proceedings.

5.      The parties entitled to notice are as follows:

a.      RELLIS L. EASLEY, 111 S. Barkley, Spearman, Texas, who is Respondent to this motion.  Respondent is father father of the children who were the subject of the divorce action.

Process should be served at that address.

6.      On February 2, 1965 the 69th District Court signed an order that appears in the minutes of the Court at volume 12, page 440.  Respondent was ordered to pay regular child support of $25.00 per week, beginning February 8, 1965 and on each Monday of each week thereafter.  That amount and frequency of obligation remain unchanged to the date of this motion.

In the order described above, RELLIS L. EASLEY was ordered to make all payments through District Clerk of Moore County, Texas.  A copy of the record of child-support payments maintained by that registry is attached to this motion.

7.      Respondent has failed to pay child support as ordered.  Respondent's total arrearage at the time of filing is $21,050.00 together with interest as allowed by law.

There have been repeated violations of the court order.  Movant requests the

confirmation of arrearages, a judgment for the arrearages and interest, and interest on the judgment until paid. Movant requests the Court to order income withheld for the arrearages, attorney's fees, court costs, and interest.

8. It was necessary to secure the services of Louis T. Dubuque, a licensed attorney, to enforce decree. Respondent should be ordered to pay a reasonable attorney's fee, and a judgment should be rendered in favor of the attorney and against Respondent; or, in the alternative, reasonable attorney's fees should be taxed as costs and should be ordered paid directly to the undersigned attorney. Respondent should be further ordered to pay all other costs of this proceeding.

10. Movant has signed a statement on alternative dispute resolution, which is attached as Exhibit A.

Movant prays that judgment be rendered against Respondent for any child-support arrearage, interest, attorney's fees, and costs.

Movant prays for general relief.

Respectfully submitted,
Louis T. Dubuque, P.C.
105 W. 7th
P. O. Box 1085
Dumas, TX 79029
Tel: (806) 935-6451
Fax: (806) 935-5611

By:_____
Louis T. Dubuque
State Bar No. 06154000
Attorney for Audrey K. Stinnett

F:\HOME\LDUBUQUE\FAMILY\STINNETT, AUDREY - MTN TO CONFIRM CS ARREARAGE
2003-026-L                                                                                          PAGE 3

105

EXHIBIT " D "

## Notice of Hearing

The above motion is set for hearing on February 13, 2003, at 1:30 p. m. in Dumas, Moore County, Texas, at the Moore County Courthouse.

SIGNED on January 22, 2003.

_____
Judge

# Benny D. Wilson
Hansford County Judge
16 Northwest Court
Spearman, Texas 79081-2052
hansfordco@hotmail.com



Phone:
Spearman
806-659-4100
Gruver
806-733-2901

Major Cities
Spearman
Gruver
Morse
Fax 806-659-4168

February 16, 2009

Kenneth Webb
#1454974
3001 S. Emily Dr.
Beeville, TX 78102

Re:   Cause No. P02514 - Estate of Rellis Leon Easley

Dear Mr. Webb:

I received your request on 2-4-09.

It would appear to me that under Section 157.269 of the Texas Family Code that this "Child Support" lien within Moore County would not be within the jurisdiction of Hansford County Court.

Your request will be filed in Cause No. P02514, Estate of Rellis Leon Easley, Hansford County, Texas.

Sincerely,

Benny D. Wilson
Hansford County Judge

BDW/df

Law Office Of
## CECIL R. BIGGERS
P.O. BOX 342
Spearman, Texas 79081

Telephone: 806.659.5531                                        Paralegal: Yvette Hopper
Telecopier: 806.659.5531
E-Mail: biggerslaw2@ptsi.net

January 9, 2009

Mr. Kenneth G. Webb
TDCJ #1454974
3001 S. Emily Drive
Beeville, TX 78102
Re:      Estate of R.L. Easley, Deceased

Dear Mr. Webb:

Enclosed please find a copy of the child support lien filed on May 28, 2003. Also enclosed is a copy of the title insurance commitment on the sale of real estate.

As you know, I represent the Estate of R.L. Easley, Deceased.

Your interpretation of Texas law is misplaced. An heir to an estate receives "title" to the property of the estate upon the decedent's death; however, that property is received subject to all claims and liens. A child-support lien does not "expire" after four (4) years. A further problem is that mineral interests (including royalty interests) are subject to such a lien.

In this instance, the sale will proceed as the Court has approved the sale and the estate is bound by contract. If we were to cancel the contract, the estate would be liable for damages.

The proceeds of sale will be deposited in a trust account to be held until we can best clear this lien either by payment, negotiation, or court order.

We will keep you informed as this matter progresses.

Sincerely yours,

Cecil R. Biggers

CRB:yh

 

## NO. 4281

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § <br> § <br> § | IN COUNTY COURT AT LAW |
| AUDREY K. STINNETT<br>AND<br>RELLIS L. EASLEY | § <br> § <br> § <br> § | OF |
| AND IN THE INTEREST OF<br>DEBRA ANN EASLEY AND MICHAEL<br>WAYNE EASLEY, CHILDREN | § <br> § <br> § | MOORE COUNTY, TEXAS |

FILED
DIANE HOFFLING
DISTRICT CLERK
2003 APR 17 AM 8: 47
MOORE COUNTY, TEXAS
BY _____ DEPUTY

### JUDGMENT FOR CHILD-SUPPORT ARREARAGE

On March 12, 2003 the Court heard Movant's Motion to Confirm Child-Support Arrearage.

### Appearances

Movant, Audrey K. Stinnett, appeared in person and through attorney of record, Louis T. Dubuque, and announced ready for trial.

Respondent, RELLIS L. EASLEY, appeared in person and through attorney of record, Joe Marr Wilson, and announced ready for trial.

### Proceedings

All matters of law and of fact were submitted to the Court, and the Court heard the evidence and considered the pleadings and argument of counsel.

### Jurisdiction

The Court finds that it has jurisdiction over the subject matter and the parties in this case. All persons entitled to citation were properly cited.

### Record

The record of testimony was duly reported by the court reporter for the County Court at Law.

f:\home\ldubuque\stinnett.jud                                                    1

ENTERED
23

109

## Findings

The Court finds that on February 2, 1965 Respondent was ordered to make periodic payments of child support, in an order that appears in the minutes of the 69th District Court at volume 12, page 440, which ordered in relevant part that Respondent pay the sum of $25.00 per week beginning February 8, 1965 for child support.

The Court further finds that Respondent has failed to make payments as ordered. The Court further finds and confirms that Respondent is in arrears in the amount of $20,175.00 for the period February 8, 1965 through May 26, 1982 and that interest has accrued on those previously unconfirmed arrearage in the amount of $59,933.61. Judgment should be awarded against Respondent in the total amount of $80,108.61 for the arrearage and interest.

The Court further finds that attorney's fees and costs should be assessed against Respondent.

The Court further finds that all arrearage amounts should be withheld from Respondent's earnings.

## Relief Granted

### Judgment

IT IS ORDERED that Audrey K. Stinnett is granted a cumulative judgment for child-support arrearage, including accrued interest, against Respondent of $80,108.61, such judgment bearing interest at 6 percent simple interest per year from the date this order is signed, for which let execution issue.

### Attorney's Fees

IT IS ORDERED that attorney's fees of $2,625.00 for the trail of this case are taxed as costs against Respondent, RELLIS L. EASLEY. In the event that the case is appealed to the court of appeals there is an additional attorney's fees of $3,500.00 taxed against the Respondent. In the event that there is an application for a writ of error to the Texas Supreme Court there is an additional attorney's fees of $2,500.00 taxed against the Respondent. In the event that the application for a writ of error is granted by the Texas Supreme Court there is an additional attorney's fees of $2,500.00 taxed against the Respondent. The attorney may enforce this order for fees in the attorney's own name.

110

### Costs

IT IS ORDERED that costs of court are taxed against Respondent, and RELLIS L. EASLEY, Respondent.

### *Delivery of monies to Petitioner*

IT IS ORDERED that First State Bank, Spearman, Texas deliver to Audrey K. Stinnett and her attorney Louis T. Dubuque at 105 W 7th, Dumas, TX. 79029, all monies on deposit is said bank in the name of Rellis L. Easley or any other name used by Rellis L. Easley in his relationship with said bank in an amount not to exceed $80,108.61 as of March 12, 2003 together with interest at 6% per annum since March 12, 2003. The Court ORDERS that the directive to deliver monies pertains to any account held in the name of Rellis L. Easley with FIRST STATE BANK, Spearman, Texas which includes, but is not limited to, a demand deposit account, checking or negotiable withdrawal order account, savings account, time deposit account, money market account, mutual fund account, certificate of deposit, or any other instrument of deposit in which Rellis L. Easley has a beneficial ownership interest, either in its entirety or on a shared or multiple party basis, including any accrued interest and dividends.

### *Relief Not Granted*

All relief requested and not expressly granted is denied.

SIGNED on April __16__, 2003.

<br>

_____
JUDGE PRESIDING

Exhibit "S" 30

NO. 4281

| IN THE INTEREST OF | § | IN COUNTY COURT AT LAW |
| | § | |
| DEBRA ANN EASLEY AND | § | IN AND FOR |
| MICHAEL WAYNE EASLEY | § | |
| | § | |
| CHILDREN | § | MOORE COUNTY, TEXAS |

## RESPONDENT'S FIRST AMENDED ORIGINAL ANSWER

This Respondent's First Amended Original Answer is filed by RELLIS L. EASLEY, Respondent, who shows in support:

1.    Respondent enters a general denial.

2.    The relief requested by Movant is barred by the statutes of limitations.

3.    The relief requested by Movant is barred by the provisions of Sections 31.006 and 34.001 of the Civil Practices and Remedies Code.

4.    The relief requested by Movant is barred because the Texas legislature, in enacting the present version of Chapter 157, Subchapter F of the Texas Family Code upon which Movant relies for relief, exceeded its remedial boundaries.

5.    The relief requested by Movant is barred by laches.

Respondent prays that the Court deny Movant's Motion to Confirm Child Support Arrearage and that Respondent recover all attorney's fees, costs, and expenses incurred.

Respectfully submitted,

LAW OFFICE OF JOE MARR WILSON
104 West Sixth Avenue, Suite 300
Amarillo, TX 79101
Tel: (806) 374-7758
Fax: (806) 374-0315

By: _____
JOE MARR WILSON
State Bar No. 21697700
Attorney for Respondent

FILED
DIANE HOEFLING
DISTRICT CLERK

2003 MAR -6 AM 11: 13

MOORE COUNTY, TEXAS

RESPONDENT'S FIRST AMENDED ORIGINAL ANSWER

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on March 5, 2003.

JOE MARR WILSON
Attorney for Respondent



CAUSE NO.
PRO-2514

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY |
| | § | |
| RELLIS LEON EASLEY, | § | COURT OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

ADVISORY TO THE COURT TO HOLD PROBATE UNTIL
LIEN CLEARS

TO THE HONORABLE ~~JUDGE~~ JUDGE OF SAID COURT:

Comes Now Kenneth Webb and respectfully files this his Advisory to the Court and in support thereof will offer the following:

1.   Mr. Webb seems to have a "child support lien" within Moore County on his father's estate filed April 6, 2003.

2.   Both obligee and obligor are deceased in this lien matter.

3.   Mr. Webb has filed a motion to dismiss for lack of jurisdiction in cause number 4281, styled in the matter of the marriage of Audrey Stinnett and Rellis Easley.

4.   Approximately 22 years elapsed from the final judgment when the lien was filed.  Under Family Code § 157.005(b); Civil Practice and Remedies Code 31.006 and 34.001 the Moore County Court lacks jurisdiction to impose any arrearage thus rendering the lien unenforceable. See Burnett-Dunham v. Spargin, 245 s.w.3d 14 (Tex-App Dallas 2007); See also Cade v. Stevens, 207 s.w.3d 909,911 (Tex. App. Dallas 2006).

5.   Mr. Webb was never notified with regards to this "lien" beforehand. His Attorney Mr. Biggers failed to address this issue and Mr. Webb has taken action upon himself to correct this lien.

6.   Mr. Webb has filed a Motion to dismiss these proceedings for lack of jurisdiction. See inclosed Motion.

CONCLUSION AND PRAYER

Mr. Webb prays that this Honorable Court grant a hearing on stay the proceedings so that this "child support lien" may be dismissed.  Let this Court take judicial notice that thsi "lien" lacks jurisdiction as a matter of law.  Grant Mr. Webb any other relief allowable by law.

114

SIGNED ON this the          day of February, 2009

Respectfully submitted,

Kenneth Webb
#1454974
3001 S. Emily Dr.
Beeville, Tx 78102

115

CAUSE NO. CV-04982

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE 84th JUDICIAL |
| RELLIS LEON EASLEY, | § | DISTRICT COURT OF |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## MOVANT'S DEMAND FOR AN ACCOUNTING OF THE ESTATE OF RELLIS LEON EASLEY, DECEASED

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Movant, Kenneth Glenn Webb ("Movant"), in pro se, making his first demand for an accounting of the Estate of Rellis Easley, pursuant to the provisions of Texas Probate Code, Section 149 A, 149 B, and 399. In support, Movant offers the following:

1. Movant is the sole heir and beneficiary of the estate of Rellis Leon Easley, thus Movant is an "interested person" entitled to an initial accounting of the estate, as well as yearly accountings thereafter, pursuant to Texas Probate Code, Sections 149 A (a) and 149 B (a).

2. Repondent, Executrix Lou Walker, has not performed a full accounting of the estate since assuming her role as Executrix in 2007. If Respondent has performed any accounting of the estate, Movant is unaware of it and was never informed of such.

3. Movant makes his demands for a thorough accounting of the estate, specifically requesting the Respondent to set forth in detail the following prior to any Court intervention to have her removed from serving as Executrix of the estate:

a. To state all property belonging to the estate which has come into her hands as Executrix since she assumed this role in 2007;

b. The disposition that has been made of such property, including all property items stated in Exhibits A and B ;

c. The debts that have been paid for the estate;

d. The debts, if any, still owing the estate;

e. The estate property still remaining in her hands;

f. Such other facts, as may be necessary to a full and definite understanding of the exact condition of the estate; and

g. Such facts, if any, that show why the administration should not be closed and the estate distributed.

Wherefore, premises considered, Movant prays that the Court order Respondent to perform a thorough accounting of the estate and report such to this Court and to Movant prior to the Court issuing any order to have the Respondent removed as Executrix of this estate pursuant to Texas Probate Code, Section 149 C.

Respectfully submitted,

Kenneth Glenn Webb
TDCJ-CID No. 1454974
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

Movant pro se

2

## VERIFICATION

Pursuant to Texas Civil Practices and Remedies Code, Sections 132.001 - 132.003, I, Kenneth Glenn Webb, TDCJ-CID No. 1454974, being presently incarcerated in the TDCJ-CID MCConnell Unit in Beeville, Bee County, Texas declare under penalty of perjury that the foregoing is true and correct.

Kenneth Glenn Webb
Movant Pro Se

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was mailed first class U.S. Mail, postage prepaid, on this the 9th day of May, 2011 to the following:

Ms. Lou Walker
C/O Cecil Biggers
Attorney at Law
P.O. Box 342
Spearman, Texas   79081

Kenneth Glenn Webb
Movant Pro Se

EXHIBIT "6" 4

No. PR0-2514

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## APPLICATION FOR SALE OF REAL PROPERTY
## UNDER SECTION 341 OF THE PROBATE CODE

TO THE HONORABLE JUDGE OF SAID COURT:

Lou Walker, Executrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased, and Applicant herein, furnishes the following information to the Court:

1. The Inventory, Appraisement, and List of Claims of this Estate has been filed, and approved by this Court.

2. A full legal description of the real property sought to be sold and a description of the Estate's ownership interest in such property is as follows:

> Description: All of Lot 4 and the N/2 of Lot 5, Block 49, Original Town of Spearman, Hansford County, Texas, commonly known as 111 S. Barkley, Spearman, Texas.

3. A statement, verified by affidavit, showing fully in detail the condition of the Estate, the charges and claims that have been approved or established by suit or that have been rejected and may yet be established, the amount of each claim, the property of the Estate remaining on hand and liable for the payment of such claims, and all other facts tending to show the necessity and advisability of this proposed sale, is attached to this Application, designated as Exhibit "A", and made a part hereof for all purposes.

4. It is necessary and advisable to sell the Estate's interest in the aforementioned property for the following reason:

Filed at 2:10 o'clock P M., 9-26 A.D., 20 08

Kim V. Vera, Co/Dist Court Clerk

Hansford County, Texas

By _____, Deputy

8-1

120

Beneficiary wishes for property to be sold and proceeds of sale to be distributed.

5.     It will be in the best interest of the Estate for the said property to be sold at a private sale for cash.

Applicant requests that citation be issued to all persons interested in the Estate, as required by law, and that the Court enter an Order authorizing Applicant to sell the Estate's interest in the aforementioned property described in paragraph 2 above at a private sale for cash, and such other orders as the Court may deem proper.

Respectfully submitted,

Lou Walker
Executrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased

Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

Vol. 57 Pg. 157

**STATE OF TEXAS**                                    §

**COUNTY OF HANSFORD**                    §

  **BEFORE ME**, the undersigned authority, on this day personally appeared Lou Walker, the duly appointed, qualified, and acting Executrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased, and having been duly sworn, states that the foregoing Application for Sale of Real Property is true and correct in every respect.

  **SUBSCRIBED AND SWORN TO BEFORE ME BY** Lou Walker, on this the 25th day of September, 2008, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

YVETTE L HOPPER
Notary Public, State of Texas
My Commission Expires
March 19, 2012

NO. PRO-2514

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## WAIVER OF SERVICE

I, Kenneth Glenn Webb, Heir of Rellis Leon Easley, Deceased, have received a copy of the Application for Sale of Real Property under Section 341 of the Probate Code. I agree with its contents and hereby waive service on the said Application for Sale of Real Property under Section 341 of the Probate Code, and ask the Court approve said Application of Sale filed by Lou Walker, Executrix.

X _____
Kenneth Glenn Webb

STATE OF TEXAS §
COUNTY OF _____ Bee _____ §

This instrument was acknowledged before me on the __6__ day of _____November_____ , 2008 by the said Kenneth Glenn Webb, to certify which, witness my hand and seal of office.

_____
Notary Public, State of Texas

Filed at 9:40 o'clock A M., 11-12- A.D., 20 08
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _____ , Deputy

Joe Richard Martinez
Notary Public, State of Texas
My Commission Expires
08 30 2009
Notary without Bond

Vol. 57 Pg. 161

123

## VERIFIED EXHIBIT SHOWING CONDITION OF THE ESTATE

STATE OF TEXAS          §

COUNTY OF HANSFORD      §

BEFORE ME, the undersigned authority, on this day personally appeared Lou Walker, Executrix, and after being duly sworn, stated that:

"I.      Lou Walker is the duly appointed and qualified Executrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased, and in support of the Application for Sale of Personal Property, submits this exhibit to the Court to show fully and in detail the condition of the Estate:

"A.      **Charges and Claims**- There are no charges and claims against the Estate that have been approved or established by suit or have been rejected and may yet be established.

"B.      **Property Remaining on Hand** - The following is a full and complete list of all property owned by the Estate still remaining on hand and liable for the payment of the above charges and claims:

     1.      Description:    1990 Cadillac Sedan deVille
                  VIN #: 1G6CD5336L4372236
                  Value:         $2,850.00

     2.      Description:    Checking Account - First State Bank
                  Account Type: Checking
                  Value: $4,766.96

"C.      **List of Claims Owed to Estate** - No claim is due or owing to the Estate.

"II.      The sale sought in the foregoing Application for Sale of Personal Property is necessary and advisable for the following reason:

Vol. 52 Pg. 154

"I, Lou Walker, Executor With Will Annexed of the Estate of Rellis Leon Easley, Deceased, do solemnly swear that the foregoing Verified Exhibit is a full and complete description of the condition of the property of this Estate."

Lou Walker
Executrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased

**STATE OF TEXAS** §

**COUNTY OF HANSFORD** §

BEFORE ME, the undersigned authority, on this day personally appeared Lou Walker, the duly appointed, qualified, and acting Executrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased, having been duly sworn, states that the foregoing Application for Sale of Personal Property is true and correct in every respect.

**SUBSCRIBED AND SWORN TO BEFORE ME BY** Lou Walker, on this the 25th day of September, 2008, to certify which witness my hand and seal of office.

Notary Public, State of Texas

YVETTE L HOPPER
Notary Public, State of Texas
My Commission Expires
March 19, 2012

23-1

No. PR0-2514

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

### REPORT OF SALE OF PERSONAL PROPERTY

Lou Walker, Administratrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased, reports the following:

1.    The Order of Sale of Personal Property in this Estate is dated November 12, 2008.

2.    A full description of the property sold is as follows:

Description:   14.0 X 72.0 Lancer Single Wide Mobile Home; Label No. DLS0035321; Serial No. 3FR14780729

3.    The property was sold at a private sale on January 23, 2009, at Spearman, Texas.

4.    The name of the purchasers are Pedro S. Sanchez and Esther G. Sanchez.

5.    The total sales price of the real property and personal property sold was $20,000.00, less estimated costs and expenses of sale in the sum of $1,767.66, leaving a net sales price of $18,232.34.

6.    This sale was made for cash as specified in the contract, a copy of which is attached as Exhibit "A".

7.    The purchaser is ready to comply with the Order of Sale of Personal Property.

Respectfully submitted,

Filed at 1 20 o'clock P M, 1-23 AD, 2009

/s/ KimVera

Co/Dist Court Clerk, Hansford County Texas

Lou Walker, Executrix of the Estate of Rellis Leon

27-1

**COPY**

126



_____

Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

**STATE OF TEXAS**                                  §

**COUNTY OF HANSFORD**                        §

**BEFORE ME**, the undersigned authority, on this day personally appeared Lou Walker, the duly appointed, qualified, and acting Executrix of the Estate of Rellis Leon Easley, Deceased, having been duly sworn, states that the foregoing Report of Sale of Real Property is true and correct in every respect.

**SUBSCRIBED AND SWORN TO BEFORE ME BY** Lou Walker, on this the 23 day of _____, 2009, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

YVETTE L HOPPER
Notary Public, State of Texas
My Commission Expires
March 19, 2012

No. PR0-2514

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## DECREE CONFIRMING SALE OF REAL PROPERTY

On this day the Court heard and considered the Report of Sale of Real Property of the following property:

All of Lot 4 and the N/2 of Lot 5, Block 49, Original Town of Spearman, Hansford County, Texas, commonly known as 111 S. Barkley, Spearman, Texas 79081.

The Court finds that at least five (5) days have expired since the filing of the Report of Sale; that the general bond is sufficient to protect the Estate and is in compliance with this Court's previous Order of Sale of Real Property and with the law; and that the real property has been sold for a fair price and such sale was properly made and in conformity with the law.

**IT IS ORDERED and DECREED** that the sale described in the Report of Sale is hereby **APPROVED** and **CONFIRMED** and conveyance of the property is authorized upon compliance by the Purchaser with the terms of sale, which sale is to be for cash.

SIGNED this 27TH day of January, 2009.

_____
JUDGE PRESIDING

Filed at 1 20 o'clock P M., 1-23 A.D., 2009
Kim Y. Vera, Co/Dist Court Clerk
Hansford County, Texas
By

Vol. 57 Pg. 389

128

No. PR0-2514

| | | | |
|---|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT | |
| | § | | |
| RELLIS LEON EASLEY, | § | OF | |
| | § | | |
| DECEASED | § | HANSFORD COUNTY, TEXAS | |

## APPLICATION FOR SALE OF PERSONAL PROPERTY
## UNDER SECTION 334 OF THE PROBATE CODE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Lou Walker, Executrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased, and Applicant herein, furnishes the following information to the Court:

1. The Inventory, Appraisement, and List of Claims of this Estate has been filed, and approved by this Court.

2. A full legal description of the personal property sought to be sold is as follows:

> **Description:** 14.0 X 72.0 Lancer Single Wide Mobile Home; Label No. DLS0035321; Serial No. 3FR14780729 located at 111 S. Barkley, Spearman, Texas.

3. A statement, verified by affidavit, showing fully in detail the condition of the Estate, the charges and claims that have been approved or established by suit or that have been rejected and may yet be established, the amount of each claim, the property of the Estate remaining on hand and liable for the payment of such claims, and all other facts tending to show the necessity and advisability of this proposed sale, is attached to this Application, designated as Exhibit "A," and made a part hereof for all purposes.

4. It is necessary and advisable to sell the Estate's interest in the aforementioned property for the following reason:

(1) Beneficiary wishes for property to be sold and proceeds of sale to be

Filed at 2:10 o'clock P.M., 9-26- A.D., 2008
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By Janet Jones , Deputy
19-1

distributed.

5.   It will be in the best interest of the Estate for the said property to be sold at a private sale for cash.

6.   The property to be sold is not the kind of property required to be sold under Section 333 of the Texas Probate Code, nor is it exempt property, nor is it in the class of specific legacies.

Applicant requests that citation be issued to all persons interested in the Estate, as required by law, and that, upon a hearing on this Application, the Court enter an Order authorizing Applicant to sell the Estate's interest in the aforementioned property described in paragraph 2 above at a private sale for cash, and such other orders as the Court may deem proper.

Respectfully submitted,

Lou Walker
Executrix With Will Annexed of the Estate of Rellis
Leon Easley, Deceased

Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

STATE OF TEXAS                                §

COUNTY OF HANSFORD                  §

BEFORE ME, the undersigned authority, on this day personally appeared Lou Walker, the duly appointed, qualified, and acting Executrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased, having been duly sworn, states that the foregoing Application for Sale of Personal Property is true and correct in every respect.

SUBSCRIBED AND SWORN TO BEFORE ME BY Lou Walker, on this the 25th day of September, 2008, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

YVETTE L HOPPER
Notary Public, State of Texas
My Commission Expires
March 19, 2012

EXHIBIT 6 p. 16

No. PR0-2514

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## ORDER OF SALE OF PERSONAL PROPERTY

On this 12th day of Nov. , 2008, the Application For Sale of Personal Property filed by Lou

Walker, Administratrix With Will Annexed of the Estate of Rellis Leon Easley, Deceased, was heard

and considered by the Court and after hearing the evidence in support of the Application, the Court

finds that citation has been issued and served as required by law; that the Application is accompanied

by an exhibit, verified by affidavit, showing the condition of the Estate, and the Application and

Exhibit meet all requirements of law; that the following personal property is to be sold:

> Description: 14.0 X 72.0 Lancer Single Wide Mobile Home; Label No.
> DLS0035321; Serial No. 3FR14780729

that the property to be sold does not include exempt property or specific legacies; that the general

bond is sufficient as required by law; that the Application should be granted and the sale of the said

property should be made at a private sale for cash; that it is in the best interest of the Estate for the

said property to be sold; and that the sale is necessary and advisable for the following reason:

(1).    Beneficiary wishes for property to be sold and proceeds of sale to be distributed.

**IT IS ORDERED** that the following described property:

> Description: 14.0 X 72.0 Lancer Single Wide Mobile Home; Label No.
> DLS0035321; Serial No. 3FR14780729

shall be sold at a private sale for cash.

**IT IS FURTHER ORDERED** that no additional bond shall be required at this time, and that

Filed at 9:55 o'clock A.M., 11-12-A.D., 2008
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By Janet Torres Deputy

132

after the sale has been made, a Report of Sale shall be filed and returned in accordance with law.

SIGNED this 12th day of November, 2008.

_Benny D Wilson_
**JUDGE PRESIDING**

**APPROVED AS TO FORM:**

Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

Vol. 52 Pg. 155

133



Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

**STATE OF TEXAS** §

**COUNTY OF HANSFORD** §

    **BEFORE ME,** the undersigned authority, on this day personally appeared Lou Walker, the duly appointed, qualified, and acting Executrix of the Estate of Rellis Leon Easley, Deceased, having been duly sworn, states that the foregoing Application for Sale of Personal Property is true and correct in every respect.

    **SUBSCRIBED AND SWORN TO BEFORE ME BY** Lou Walker, on this the 25 day of _____ , 2009, to certify which witness my hand and seal of office.

Notary Public, State of Texas

YVETTE L HOPPER
Notary Public, State of Texas
My Commission Expires
March 19, 2012

134

EXHIBIT "6" p. 19

No. PR0-2514

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## DECREE CONFIRMING SALE OF PERSONAL PROPERTY

On this day the Court heard and considered the Report of Sale of Personal Property of the following property:

Description: 14.0 X 72.0 Lancer Single Wide Mobile Home; Label No. DLS0035321; Serial No. 3FR14780729

and the Court finds that at least five (5) days have expired since the filing of the Report of Sale; that the general bond is sufficient to protect the Estate and is in compliance with this Court's previous Order of Sale of Personal Property and with the law; and that the personal property has been sold for a fair price and such sale was properly made and in conformity with the law.

**IT IS ORDERED and DECREED** that the sale described in the Report of Sale is hereby **APPROVED** and **CONFIRMED** and conveyance of the property is authorized upon compliance by the Purchaser with the terms of sale, which sale is to be for cash.

SIGNED this 27TH day of January, 2009.

Benny D Wilson
_____
**JUDGE PRESIDING**

Filed at 9:55 o'clock A. M., 1-27 AD, 2009

Co/Dist Court Clerk, Hansford County Texas

**ORIGINAL**

30-/

135

Vol. **55** Pg. **686**                    No. PR0-2514

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## INVENTORY, APPRAISEMENT AND LIST OF CLAIMS

### Date of Death: March 9, 2007

The following is a full, true, and complete Inventory and Appraisement of all real property situated in the State of Texas and of all personal property wherever situated, together with a List of Claims due and owing to this Estate as of the date of death, which have come to the possession or knowledge of the undersigned.

### INVENTORY AND APPRAISEMENT

**PROPERTY**                                                                 **VALUE**

1.    **REAL PROPERTY:**

Parcel #1
LEGAL DESCRIPTION:
All of Lot 4 and the N/2 of Lot 5, Block 49, Original Town of Spearman,
Hansford County, Texas, commonly known as 111 S. Barkley, Spearman,
Texas
Total value of asset: $8,313.00

                                                                             $8,313.00

2.    **HOUSEHOLD FURNISHINGS:**

Total value: $2,500.00        Filed at 4:30 o'clock P. M., 11-9 A.D., 2007

                              Kim V. Vera, Co/Dist Court Clerk              $2,500.00

                              Hansford County, Texas

3.    **MOTOR VEHICLES:**      By _Carla W oodington_, Deputy

Vehicle #1
Description: Javelin Bass Boat
VIN #: 389FS

136

Total value of asset: $7,800.00

$7,800.00

Vehicle #2
Description: 1990 Cadillac Sedan deVille
VIN #: 1G6CD5336L4372236
Total value of asset: $2,850.00

$2,850.00

Vehicle #3
Description: 1996 Chevrolet 4x4 pickup
VIN #: 1GCEK19R9TE257348
Total value of asset: $8,500.00

$8,500.00

**4. CASH IN BANKS:**

Account #1
Institution: First State Bank
Account type: checking
Account/CD No: 0203424
Total value of asset: $1,298.45

$1,298.45

**5. MISCELLANEOUS:**

Item #1
Oil and Gas royalties
Total value of asset: $5,000.00

$5,000.00

**TOTAL COMMUNITY PROPERTY**      **$36,261.45**

## LIST OF CLAIMS OWED TO ESTATE

No claims are due and owing to the Estate of Rellis Leon Easley, Deceased.

## TOTAL VALUE OF ESTATE

The total value of the Estate of Rellis Leon Easley, Deceased is $36,261.45.

The Independent Executrix asks the Court that foregoing Inventory, Appraisement and List of Claims be approved and entered of record.

Vol. 55 Pg. 687

137

_Lou Walker_

Lou Walker
Independent Executrix of the Estate of Rellis Leon
Easley, Deceased

_Cecil R. Biggers_

Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

**STATE OF TEXAS**               §

**COUNTY OF HANSFORD**           §

I, Lou Walker, having been duly sworn, hereby state on oath that the said Inventory and List of Claims are a true and complete statement of property and claims of the estate that have come to my knowledge.

_Lou Walker_

Lou Walker
Independent Executrix of the Estate of Rellis Leon
Easley, Deceased

**SWORN TO AND SUBSCRIBED BEFORE ME** on this the **9** day of **Nov.**, 2007 by Lou Walker, to certify which witness my hand and seal of office.

YVETTE L. HOPPER
MY COMMISSION EXPIRES
March 19, 2008

_Yvette L. Hopper_

Notary Public, State of Texas

6-6

138

# TO BE FILLED IN PERSONALLY BY SELLER OR BORROWER WITH HIS OWN PEN

## INDEMNITY AND AFFIDAVIT AS TO DEBTS AND LIENS

GF# __2008-151__

SUBJECT PROPERTY: All of LOt Number Four and the N/2 of Lot Number Five, Block 49, Original Town of Spearman Hansford County, Texas, as shown by the recorded plat thereof in Volume 25, Page 1, Deed Records of Hansford County, Texas.

STATE OF TEXAS

COUNTY OF __HANSFORD__

Before me, the undersigned authority, on this day personally appeared
_Lou Walker, Executrix of The Estate of Rellis Leon Easley, Deceased_
Seller or Owner-Borrower*

Contractor (if new construction)

personally known to me to be the person whose name is subscribed hereto and upon his oath deposes and says that the marital status of affiant has not changed since the date of acquisition of said property and represents to the purchaser and/or lender in this transaction that to my knowledge there are:

1. No unpaid debts for plumbing fixtures, water heaters, floor furnaces, air conditioners, radio or television antennae, carpeting, rugs, lawn sprinkling systems, venetian blinds, window shades, draperies, electric appliances, fences, street paving, or any personal property or fixtures that are located on the subject property described above, and that no such items have been purchased on time payment contracts, and there are no security interests on such property secured by financing statement, security agreement or otherwise except the following:

| NONE Secured Party | Approximate Amount |
|---|---|
| | |
| | |
| | |

2. No loans or liens (including Federal or State Liens and Judgment Liens) of any kind on such property except the following:

| NONE Creditor | Approximate Amount |
|---|---|
| | |
| | |

All labor and material used in the construction of improvements on the above described property have been paid for and there are now no unpaid labor or material claims against the improvements or the property upon which same are situated, and I hereby declare that all sums of money due for the erection of improvements have been fully paid and satisfied.

INDEMNITY: I AGREE TO PAY ON DEMAND TO THE PURCHASERS AND/OR LENDER IN THIS TRANS-ACTION, THEIR SUCCESSORS AND ASSIGNS, ALL AMOUNTS SECURED BY ANY AND ALL LIENS NOT SHOWN ABOVE, TOGETHER WITH ALL COSTS, LOSS AND ATTORNEY'S FEES THAT SAID PARTIES MAY INCUR IN CONNECTION WITH SUCH UNMENTIONED LIENS, PROVIDED SAID LIENS EITHER CURRENTLY APPLY TO SUCH PROPERTY, OR A PART THEREOF, OR ARE SUBSEQUENTLY ESTABLISHED AGAINST SAID PROPERTY AND ARE CREATED BY ME, KNOWN TO ME, OR HAVE AN INCEPTION DATE PRIOR TO THE CONSUMMATION OF THIS TRANSACTION.

I realize that the purchaser and/or lender in this transaction are relying on the representations contained herein in purchasing same or lending money thereon and would not purchase same or lend money therein unless said representations were made.

_Lou Walker executor_

Sworn to and subscribed before me this __23__ day of __Jan__, __2009__.

_____ Notary Public in and for __Hansford__ County, Texas.

*This form is to be filled in and signed by seller in case of sale. If no sale, it is to be filled in and signed by the owner-borrower. If there is any new construction, the contractor must also join in this form or fill in and sign a separate one.

Upon closing complete items checked with red mark, sign and notarize and return to loan closer or Hansford Abstract Company.

My Commission Expires
March 19, 2012

139

## NOTICE OF APPRAISED VALUE

### This is NOT a Tax Statement - Do NOT Pay From This Notice.

Sonya Shieldknight
HANSFORD CAD
709 W Seventh
Spearman, TX 79081
TEL: 806-659-5575
FAX: 806-659-5109

Appraisal Year - 2008
Location of ARB Hearings:
HANSFORD APPRAISAL DISTRICT
709 W SEVENTH
SPEARMAN, TX 79081

EASLEY R L
216 MAPLE ST
BORGER, TX 79007-8106

Protest Deadline: **06/20/2008**
ARB Hearings Begin: **07/07/2008 - 9:00 AM**
Owner ID: 3593

Dear Property Owner:
We have appraised the property listed below for the 2008 tax year. Based on the appraisal date of January 1 of this year, this appraisal is for the following property:

HB1984: The Appraised value of $10,744 in 2008 as compared to $8,398 in 2003 is a 28.00% increase.

| APPRAISAL INFORMATION | LAST YEAR | PROPOSED THIS YEAR | PROPOSED 2008 TAXABLE VALUE | ACCOUNT NUMBER / PROPERTY DESCRIPTION |
|---|---|---|---|---|
| Total Market Value | 8,313 | 12,439 | | ACCT #: 120280049042000000000     PARCEL: 4079 |
| HS Land Market Value | 3,000 | 3,000 | | ADDR: 111 S BARKLEY |
| HS Structures(Buildings) Value ** | 5,313 | 9,439 | | ABST/Block/Lot: |
| Total Homestead Cap Value | 8,313 | 10,744 | 10,744 | LEGAL: N/2 5 |
| Total Proposed Taxable Value (with Homestead Limit) | 8,313 | | 10,744 | 1973 LANCER 14X74 MH    SER #3FR14780729 |
| Exemptions: **OVER 65** | | * HOMESTEAD CAP APPLIED | | ACRES: 0.241     INTEREST: 1.000000   CATEGORY: A2 |

| Taxing Units | Last Year's Taxable (less exemptions) | Proposed Taxable Value | Proposed Exemptions | Proposed Taxable (less exemptions) | Estimated Tax Rate | Proposed Tax Estimate |
|---|---|---|---|---|---|---|
| HANSFORD COUNTY | 0 | 10,744 | 10,744 | 0 | 0.320770 | 0.00 |
| SPECIAL ROAD | 0 | 10,744 | 10,744 | 0 | 0.077030 | 0.00 |
| PDRA M&O | 0 | 10,744 | 10,744 | 0 | 0.011926 | 0.00 |
| PDRA I&S | 0 | 10,744 | 10,744 | 0 | 0.079758 | 0.00 |
| N PLAINS WATER | 0 | 10,744 | 10,744 | 0 | 0.020600 | 0.00 |
| HOSPITAL | 0 | 10,744 | 10,744 | 0 | 0.275221 | 0.00 |
| CTY OF SPEARMAN | 0 | 10,744 | 10,744 | 0 | 0.529900 | 0.00 |
| SISD M&O - HS Ceiling Freeze | 0 | 10,744 | 10,744 | 0 | 1.040000 | 0.00 |
| SISD I&S - HS Ceiling Freeze | 0 | 10,744 | 10,744 | 0 | 0.225700 | 0.00 |
| **ESTIMATE OF PROPERTY'S TOTAL TAXES:** | | **(THIS IS NOT A TAX BILL. DO NOT PAY)** | | | | **0.00** |

The above tax estimates use estimated tax rates for the taxing units. The governing body of each unit -- school board, county commissioners, and so on -- decides whether property taxes increase. **The appraisal district only determines your property's value.** The taxing units will set tax rates later this year. The Texas Legislature does not set the amount of your local taxes. Your property tax burden is decided by your local elected officials, and all inquiries concerning your taxes should be directed to those officials.

If you are 65 or older and received the $10,000 school tax exemption on your home last year from the school listed above, your school taxes for this year will not be higher than when you first received the exemption on this home. If you improved your property (by adding rooms or buildings), your school tax ceiling may increase for improvements. If you are a surviving spouse age 55 or older, you may retain the school tax ceiling.

Contact the appraisal office if you disagree with this year's proposed value for your property, or if you have any problems with the property description or address information. If the problem cannot be resolved, you have the right to appeal to the appraisal review board (ARB). To appeal, you must file a WRITTEN protest with the ARB before **06/20/2008**. Enclosed is a protest form to mail or bring to the appraisal district office at the address above before the above date. The ARB will begin hearings on **07/07/2008**. The ARB will notify you of the date, time, and place of the scheduled hearing. Enclosed also is information to help you in preparing your protest. You do not need to use the enclosed form to file your protest. You may protest by letter, if it includes your name, your property's description, and with which appraisal office action you disagree.

If you have any questions or need more information, please contact the appraisal office at the phone number or address listed above.
Sincerely,

Sonya Shieldknight - Chief Appraiser HANSFORD CAD

CAUSE No. CV-04982

| IN THE ESTATE OF | § | IN THE 84th JUDICIAL |
| RELLIS LEON EASLEY, | § | DISTRICT COURT OF |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## DECLARATION OF DECLARANT KENNETH GLENN WEBB

| STATE OF TEXAS | § |
| COUNTY OF BEE | § |

I, Kenneth Glenn Webb, declare under penalty of perjury the following:

"On September 28, 2007 I gave, from the estate of Rellis Leon Easley, deceased, to executrix Lou Walker, a red, 1996 Chevrolet 4x4 pickup truck, VIN# 1GCEK19R9TE257348, valued at $8,500 for payment in full for all the executrix duties she would perform for the estate of Rellis Leon Easley, deceased.

"Ms. Walker agreed to accept the above-styled pickup as payment in full for serving as executrix for the estate of Rellis Leon deceased.

51-X

140

"Afterwards, Ms. Walker had estate attorney Cecil Biggers transfer title ownership of the pickup truck into her name.

"Later on, I discovered that Ms. Walker sold the pickup truck to a used car dealership for a cash down payment for same type of sport car - a Cammaro, I believe.

"To my knowledge the probate court never approved the sale or transfer of this estate community property item, although I did authorize it.

"Further, Declarant saith not."

_Kenneth Glenn Webb_

I, Kenneth Glenn Webb, TDCJ-CID No. 1454974, incarcerated in the TDCJ-CID McConnell unit in Beeville, Bee County, Texas declare under penalty facts stated in this inmate declaration are true and correct.

Signed on:

May 09, 2011

_Kenneth Glenn Webb_

2

52-x

141

CAUSE NO. CV-04982

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE 84TH JUDICIAL |
| RELLIS LEON EASLEY | § | DISTRICT COURT OF |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## DECLARATION OF DECLARANT KENNETH GLENN WEBB

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF BEE | § |

I, Kenneth Glenn Webb, declare under penalty of perjury the following:

"After executrix Lou Walker ceased communication with me in March 2009, I wrote several letters to Ms. Walker and estate attorney Cecil Biggers asking what Ms. Walker intended to do with the remaining estate property items that were under her sole care and control at the time she ceased all communication with me.

"To my knowledge, the following property items are still under the control of Ms. Walker and are unaccounted for:

## MISCELLANEOUS ESTATE PROPERTY ITEMS
## COLLECTED FROM THE INSIDE AND OUTSIDE
## OF THE DECEDANT'S HOME PRIOR TO THE
## SALE OF THE HOMESTEAD PROPERTY

* A brand new refrigerator inside kitchen

* Microwave oven

* Dining table with four chairs

* Two queen size beds

* Night stand with lamp

* 27" Television

* Two chest of drawers

* Washer and dryer

* Six tackle boxes

* Another refrigerator in the garage

* Two small end tables with lamps

* Two ladders

* Craftsman 6 H.P. .30 gallon air compressor

* Welding machine

* Miter chop saw

* Several hand tools

* Dolliers

* 1990 Cadillac Sedan DeVille, Vin# 166CD5336LH372236, license plate CPV-565, tan color, four door

* 18-foot-long flat-bed trailer with title

2

No. PR0-2514

| IN THE ESTATE OF | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| RELLIS LEON EASLEY, | § | OF |
| | § | |
| DECEASED | § | HANSFORD COUNTY, TEXAS |

## ORDER APPROVING INVENTORY, APPRAISEMENT & LIST OF CLAIMS

The foregoing Inventory, Appraisement and List of Claims of the above estate having been filed and presented; there having been no objections made thereto; and the Court having considered and examined the same, is satisfied that it should be approved.

**IT IS THEREFORE ORDERED** that the foregoing Inventory, Appraisement and List of Claims is in all respects approved and **ORDERED** entered of record.

SIGNED on the 9th day of November 2007.

_Benny D Wilson_
JUDGE PRESIDING

APPROVED AS TO FORM:

_Cecil R Biggers_
Cecil R. Biggers
Attorney for Lou Walker
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

Filed at 4:30 o'clock P. M., 11-9 A.D., 2007
Kim V. Vera, Co/Dist Court Clerk
Hansford County, Texas
By _Carla Worthington_ Deputy

Vol. 55 Pg. 689

144

Vol. __55__ Pg. __614__

Respectfully submitted,

Cecil R. Biggers
Attorney for Applicant
State Bar No.: 02308500
P.O. Box 342
Spearman, TX 79081
Telephone: (806) 659-5531
Facsimile: (806) 659-5531

3

I Kenneth G. Webb wish to instruct Ms Lou Walker from Borger Tx. to carry out my requests as writen...

§

1.) ALL tools etc. as well as non elc. including the welder + chop saw that are on the property of 111 Barkly St. of Spearman Tx. I wish to be Boxed up and stored for safe keeping by Ms Lou Walker of Borger Tx.

2.) I wish for Ms Lou Walker to go through all property that is on the land of 111 Barkly St Spearman Tx. And use her own judgement on Boxing up and store for safe keeping any property that she feels that I will need or want in the future time to come. Not to be SOLD

3.) I wish for Ms Lou Walker to store the Flat bed trailer at a safe place for future time to come Not to be Sold

4.) ALL remaining property of 111 Barkly St. of Spearman Tx. I wish for Ms Lou Walker to set up a in Trailer House as well as Outside Trailer house garge sale. To sell the Remaining Property.

54-a

5). I wish to sale the Bass Boat year ____ for 8000.⁰⁰

6.) I wish to sale Cadiallic 1990 once the tittle is obtained... (Best prise posible)

7.) I wish to have all property that is Left. after all sale's to be ~~kept~~ moved off of the property of 111 s. Barkley st. of Spearman Tx. to a sater place to be Stored by m's Lou Walker of Borger Tx.

✱ 8.) The Ford truck year 1995 ___ was sold to Mr. Tommy Erwin of Amarillo Tx. for 2500⁰⁰ witch has ben paid in full. IF funeral Bills were paid in full by

Kenneth Webb Date 9-28-07   Mr. Tommy Erwin....

~~Within Lldtodeepe the esa~~

9.) The ⁴ˣ⁴ ᴿᵉᵈ. ~~Ford~~ ʸᵉᵃʳ truck was given to ms. Lou Walker By me Kenneth G. Webb for helping me with all dealing's of my Father's Will R.L. Easley.

Kenneth Webb 9-28-07

? 10). I also wish to sell the Trailer House and have it moved off of Land. Best offer made

? 11). I wish to Rent out the Lot of 111 s. Barkley St. of Spearman Tx. s under M's Lou Walker's Supervision For the amount she see's fit.

55-x

147

12.) I wish for ms. Lou Walker to take report of ever item sold and for what prise...

13.) I wish for Ms Lou Walker to keep report of all gas she use's In my behafe in thes matters as well as the hour's she spends working towards the matters Listed above. I wish to re-Imbourse her doller for doller In gas As well as pay her the amount of 10.00 hour for each hour she works. She is to keep up with her own record's of this and send me copie's of all payments. I F she agree's To this _____ offer please sign _____

14.) All money made by the sales above. I wish to be placed In a saving's acount under my mane And for that Bank to send me monthy statements hre at my address in prison T.D.C. 5 untill I am released.

Kenneth J Welch

Date. 9-28.07

SC+X

148

Law Office Of
**CECIL R. BIGGERS**
P.O. BOX 342
Spearman, Texas 79081

Telephone: 806.659.5531                                                                Paralegal: Yvette Hopper
Telecopier: 806.659.5531
E-Mail: biggerslaw2@ptsi.net

January 9, 2009

Mr. Kenneth G. Webb
TDCJ #1454974
3001 S. Emily Drive
Beeville, TX 78102
Re:     Estate of R.L. Easley, Deceased

Dear Mr. Webb:

Enclosed please find a copy of the child support lien filed on May 28, 2003. Also enclosed is a copy of the title insurance commitment on the sale of real estate.

As you know, I represent the Estate of R.L. Easley, Deceased.

Your interpretation of Texas law is misplaced. An heir to an estate receives "title" to the property of the estate upon the decedent's death; however, that property is received subject to all claims and liens. A child-support lien does not "expire" after four (4) years. A further problem is that mineral interests (including royalty interests) are subject to such a lien.

In this instance, the sale will proceed as the Court has approved the sale and the estate is bound by contract. If we were to cancel the contract, the estate would be liable for damages.

The proceeds of sale will be deposited in a trust account to be held until we can best clear this lien either by payment, negotiation, or court order.

We will keep you informed as this matter progresses.

Sincerely yours,

Cecil R. Biggers

CRB:yh

ENCLOSURE "6" p-35

**Law Office of**
**CECIL R. BIGGERS**
P.O. BOX 342
SPEARMAN, TEXAS 79081

Telephone: 806-659-5531                    Paralegal: Yvette Hopper
Telecopier: 806-659-5531                    e-mail: biggerslaw2@ptsi.net

November 4, 2010

Mr. Kenneth Webb
1454974
3001 Emily Dr.
Beeville, TX 78102

Re:     Estate of R.L. Easley, Hansford County, Spearman, Texas

Dear Mr. Webb:

We have drafted a Declaratory Judgment action to have the 84th Judicial District Court rule on the validity of the child support lien. I have previously contacted your Amarillo attorney on several occasions and will send him a copy of the proposed action for his comment prior to filing with the court.

You have previously been provided with copies of the account. We will be paying the remaining estate funds from my trust account into the registry of the court for disbursement according to the order of the court. The amount of the funds to be tendered into the registry is $13,232.54.

Since the 84th Judicial District Court still has jurisdiction over the estate by transfer from the County Court; we will file the paperwork to close the estate as soon as we have a ruling on the Declaratory Judgment action.

We will provide you with file stamped copies of the paperwork.

Sincerely yours,

Cecil R. Biggers

CRB:crb

150



**Clay Schnell, Executive Vice President**
**& Chief Financial Officer**

Kenneth Webb TDC #1454974                                September 22, 2014
899 FM 632
Kenedy, TX 78119

Dear Mr. Webb,

I received your request for an accounting of the estate of R.L. Easley and information on a certain account here. Banks do not provide accounting on an estate unless perhaps their trust department is the executor and we are not the executor on this estate. The executor on the estate is Lou Walker and the request should be directed there. Also, I cannot release bank account information except to the executor or upon receipt of a court order directing me to do so. The executor should be in possession of all the data you have requested. If I receive a legal court order to produce documentation then it will be done for our normal charges.

Sincerely,

Robert C. Schnell
Executive Vice President

Ex #4
PG 30

151



**Clay Schnell, Executive Vice President
& Chief Financial Officer**

January 31, 2011

Kenneth Webb
3001 S. Emily Dr.
Beeville, TX 78102

Kenneth,

I am sorry to inform you that we are unable to release any information or transfer any funds on an estate account without the direction of the executor or a court order. Thank you for your inquiry.

Thank you,

R. Clay Schnell

*P. O. BOX 247*                    *Spearman, Texas 79081*                    *806 / 659-5565*

Ex 10

*EXB 1 p.1*

CASE # CV04982　　　　　　　　COURT: 84TH JUDICIAL DISTRICT　　　　　07/09/2013
CAUSE: PROBATE PROCEEDING
STYLE: ESTATE OF RELLIS LEON EASLEY　　VS

PLAINTIFF

NAME _____　　　　　　　ATTORNEY _____

EASLEY,RELLIS LEON ESTATE OF　　P　　　　　　BIGGERS,CECIL R
　　　　　　　　　　　　　　　　　　　　　　　　BOX 342
　　　　　　　　　　　　　　　　　　　　　　　　BOX 342
　　　　　　　　　　　　　　　　　　　　　　　　SPEARMAN, TX. 79081-0342
　　　　　　　　　　　　　　　　　　　　　　　　806-659-5531

DEFENDANT

NAME _____　　　　　　　ATTORNEY _____

WALKER,LOU ON BEHALF OF　　　　D

WEBB,KENNETH GLENN　　　　　　D
899 FM 632
KENEDY TX 78119

_____

TRANSACTIONS FOR ALL PARTIES　　　　　　　　　　　　/ /　　THRU　　/ /

03/19/2009　　　　　　　　　PROBATE CASE #P02514 ESTATE OF RELLIS LEON EASLEY
EASLEY,RELLIS LEON　　　　　TRANSFERRED FROM COUNTY/JT
03/31/2009　　　　　　　　　MAILED COPY OF ORDER TO TRANSFER TO KENNETH WEBB
EASLEY,RELLIS LEON　　　　　PRISON #1454974 3001 S. EMILY DR.BEEVILLE TX 78102
04/22/2009　　　　　　　　　HEIRS ADVISORY TO THE COURT/JT
EASLEY,RELLIS LEON
04/22/2009　　　　　　　　　HEIRS MOTION TO WITHDRAW COUNSEL FROM A CONFLICT
EASLEY,RELLIS LEON　　　　　OF INTEREST & PROCEED PRO SE/JT
04/22/2009　　　　　　　　　HEIRS MOTION TO WITHDRAW EXECUTOR LOU WALKER AND
EASLEY,RELLIS LEON　　　　　APPOINT HEIR KENNETH WEBB AS EXECUTOR/JT
05/18/2009　　　　　　　　　MOTION FOR HEIR WEBB'S DEMAND FOR ACCOUNTING OF
WALKER,LOU ON BEHA　　　　　ESTATE / FILED BY KENNETH WEBB/KV
06/29/2009　　　　　　　　　LETTER TO JUDGE WILSON FROM KENNETH WEBB RE:WANT
WEBB,KENNETH GLENN　　　　　CASE TRANSFERED BACK TO COUNTY COURT/JT
06/29/2009　　　　　　　　　LETTER TO KENNETH WEBB FROM JUDGE BENNY WILSON/JT
EASLEY,RELLIS LEON
06/29/2009　　　　　　　　　HEIR'S REQUEST TO TRANSFER PROBATE BACK TO COUNTY
WEBB,KENNETH GLENN　　　　　COURT/JT
07/17/2009　　　　　　　　　PETITIONERS' MOTION TO HAVE HIS CASE TRANSFERED
WALKER,LOU ON BEHA　　　　　BACK TO COUNTY COURT & OBJECTIONS/FAXED TO JAN/JT
07/20/2009　　　　　　　　　LETTER FROM COUNTY COURT TO KENNETH WEBB IN RE:
EASLEY,RELLIS LEON　　　　　INFORMING HIM HIS CASE WILL STAY IN DISTR.COURT/JT
08/17/2009　　　　　　　　　PETITIONER'S MOTION TO RECUSE TRIAL JUDGE/FILED BY
WEBB,KENNETH GLENN　　　　　KENNETH WEBB/JT/FAXED MOTION TO JAN
03/17/2010　　　　　　　　　LETTER FROM KENNETH WEBB RE:REQUESTING COPIES OF
WEBB,KENNETH GLENN　　　　　PROBATE & D.C. CASES/JT
03/19/2010　　　　　　　　　MAILED A LETTER TO KENNETH WEBB RE:COPIES/JT
WEBB,KENNETH GLENN
04/15/2011　　　　　　　　　LETTER FROM KENNETH WEBB / REQUESTING COPIES
WEBB,KENNETH GLENN　　　　　MAILED HIM A COPY OF PLEADINGS SCREEN 4-15-11/KV
04/18/2011　　　　　　　　　LETTER FROM THE COURT ATTACHED TO LETTER FROM
WEBB,KENNETH GLENN　　　　　KENNETH WEBB/JT

153

*EXB #3 P.1*

CASE # CV04982                          COURT: 84TH JUDICIAL DISTRICT                    07/09/2013
CAUSE: PROBATE PROCEEDING


05/02/2011                       LETTER TO JUDGE SMITH FROM KENNETH WEBB/JT
WEBB,KENNETH GLENN
05/20/2011                       MOVANT'S DEMAND FOR AN ACCOUNTING OF THE ESTATE
WEBB,KENNETH GLENN               OF RELLIS LEON EASLEY, DECEASED/JT
05/20/2011                       MOVANT'S MOTION TO OFFICIALLY DISMISS MOVANT'S
WEBB,KENNETH GLENN               ATTORNEY OF RECORD, GEORGE HARWOOD/JT
05/20/2011                       MOVANT'S MOT FOR THE COURT TO REMOVE INDEPENDENT
WEBB,KENNETH GLENN               EXECUTRIX LOU WALKER FROM HER POSITION AS.........
05/20/2011                       ....EXECUTRIX OF THE ESTATE OF RELLIS LEON EASLEY/
WEBB,KENNETH GLENN               JT
05/20/2011                       MOVANT'S MOTION FOR THE COURT TO DISMISS THE
WEBB,KENNETH GLENN               ESTATE'S ATTORNEY OF RECORD CECIL BIGGERS/JT
05/20/2011                       MOVANT'S SUMMARY MOTION TO REMOVE INVALID OR
WEBB,KENNETH GLENN               UNENFORCEABLE CHILD SUPPORT LIEN/JT
05/27/2011                       MOVANT'S MOTION TO PARTICIPATE IN COURT
WEBB,KENNETH GLENN               PROCEEDINGS BY TELECONFERENCE OR VIDEOCONFERENCE
06/09/2011                       LETTER FROM KENNETH WEBB RE:MOTION THAT WERE
WEBB,KENNETH GLENN               FILED/JT
06/10/2011                       MAILED COPIES OF FRONT OF MOTIONS TO KENNETH WEBB
WEBB,KENNETH GLENN               & FAXED TO JAN/JT
07/05/2011                       LETTER TO COURT FROM KENNETH WEBB/RE:MOTIONS
WEBB,KENNETH GLENN               FILED
07/05/2011                       LETTER TO KENNETH WEB FROM COURT RE:COURT WILL
EASLEY,RELLIS LEON               CONSIDER RULING ON MOTIONS AFTER PROPER NOTICE....
07/05/2011                       ..& HEARING/COURT FAXED TO ATTORNEYS/CECIL
EASLEY,RELLIS LEON               BIGGERS & GEORGE HARWOOD/JT
09/08/2011                       KENNETH WEBB RE:NEW ADDRESS/TDCJ-CID/NO.1454974
WEBB,KENNETH GLENN               CONNALLY UNIT/899 FM 632/KENEDY TX 78119/PHONE....
09/08/2011                       ...# 830-583-4003/JT
WEBB,KENNETH GLENN
09/13/2011                       LETTER TO MS. LEWIS FROM KENNETH WEBB RE:NEW
WEBB,KENNETH GLENN               ADDRESS/JT
10/31/2011                       LETTER TO MR.WEBB/NO TELECONFERENCE AVAILABLE/
EASLEY,RELLIS LEON               NOTICE IS HIS RESPONSIBILITY/JT
10/31/2011                       LETTER TO MS.LEWIS FROM KENNETH WEBB RE:HEARING
WEBB,KENNETH GLENN               ON THE MOTIONS/WANTS TELECONFERENCE/JT
12/20/2011                       LETTER TO MS.VERA FROM KENNETH WEBB RE:WHAT PAPER
EASLEY,RELLIS LEON               WORK DOES HE SHOULD FILE/JT
02/02/2012                       LETTER TO MR WEBB RE:ADVISING HIM CAN NOT ADVISE
EASLEY,RELLIS LEON               HIM OF WHAT TO FILE & FEES/JT
02/28/2012                       LETTER FROM KENNETH WEBB RE:FEES FOR CITATIONS &
WEBB,KENNETH GLENN               SERVICE/JT
04/02/2012                       LETTER FROM KENNETH WEBB RE: 5 CITATIONS TO BE
WEBB,KENNETH GLENN               ISSUED/JT
04/09/2012                       ISSUED CITATION TO MS.LOU WALKERBY SERVING CECIL
WEBB,KENNETH GLENN               BIGGERS ATTORNEY AT LAW/13 W.KENNETH SPEARMAN TX
04/09/2012                       ISSUED CITATION TO MS.LOU WALKER BY SERVING CECIL
WEBB,KENNETH GLENN               BIGGERS ATTORNEY AT LAW/13 W.KENNETH SPEARMAN TX
04/09/2012                       ISSUED CITATION TO CECIL BIGGERS/13 W. KENNETH
WEBB,KENNETH GLENN               SPEARMAN TX/JT
04/09/2012                       ISSUED CITATION BY CERT.MAIL/DEBBIE HOLT & MIKE
WEBB,KENNETH GLENN               STINNETT/306 N.MEREDETH, DUMAS TX.79029/JT
04/09/2012                       ISSUED CITAITON BY CERT.MAIL/MR.GEORGE HARWOOD.
WEBB,KENNETH GLENN               ATRNY/1220 S.GEORGIA ST.,SUITE E/AMARILLO TX./JT
04/09/2012                       FEE FOR ISSUING 5 CITATIONS & 3 H.C. SHERIFF'S          415.00-
WEBB,KENNETH GLENN               SERVICE FEE & 2 CERT. MAIL FEES

154

*EXB #3 P.2*

CASE # CV04982                        COURT: 84TH JUDICIAL DISTRICT              07/09/2013

CAUSE: PROBATE PROCEEDING

| Date | Party | Description | Amount |
|---|---|---|---|
| 04/09/2012 | WEBB,KENNETH GLENN | PAYMENT FOR ISSUING 5 CITATIONS & 3 H.C. SHERIFF'S SERVICE FEE & 2 CERT. MAIL FEES | 415.00 |
| 04/09/2012 | WEBB,KENNETH GLENN | FEE FOR COPIES TO BE ATTACHED TO CITATIONS | 89.00- |
| 04/09/2012 | WEBB,KENNETH GLENN | PAYMENT  FOR COPIES TO BE ATTACHED TO CITATIONS | 89.00 |
| 04/10/2012 | WEBB,KENNETH GLENN | CITATION LOU WALKER BY SERVING CECIL BIGGERS/ RETURNED SERVED 04.09.12/JT | |
| 04/10/2012 | WEBB,KENNETH GLENN | CITATION LOU WALKER BY SERVING CECIL BIGGERS/ RETURNED SERVED 04.09.12/JT | |
| 04/10/2012 | WEBB,KENNETH GLENN | CITATION CECIL BIGGERS RETURNED SERVED 04.09.12/JT | |
| 04/11/2012 | WEBB,KENNETH GLENN | CERT.MAIL RECEIPT RETURNED DELIVERED 04.10.12/ SIGNED BY BILL STINNETT/JT | |
| 04/11/2012 | WEBB,KENNETH GLENN | CERT.MAIL RECEIPT RETURNED DELIVERED 04.10.12/ SIGNED BY WANDA ROGERS/JT | |
| 04/23/2012 | WEBB,KENNETH GLENN | LETTER FROM KENNETH WEBB RE:HAVE CITATIONS BEEN SERVED | |
| 04/23/2012 | WEBB,KENNETH GLENN | MAILED COPY OF SCREEN 3 PAGE RE:CITATIONS SERVICES/JT | |
| 04/26/2012 | WALKER,LOU ON BEHA | RESPONDENT'S ORIGINAL ANSWER/FILED BY CECIL R BIGGERS FOR LOW WALKER/JT | |
| 04/26/2012 | EASLEY,RELLIS LEON | ESTATE'S ATTORNEY'S ORIGINAL ANSWER & SPECIAL EXCEPTION/FILED BY CECIL BIGGERS/JT | |
| 04/26/2012 | WALKER,LOU ON BEHA | RESPONDENT'S ORIGINAL ANSWER/FILED BY CECIL R BIGGERS FOR LOU WALKER/JT | |
| 04/27/2012 | WEBB,KENNETH GLENN | LETTER FROM KENNETH WEBB RE:MOTIONS & CITATIONS/JT | |
| 05/07/2012 | WEBB,KENNETH GLENN | LETTER FROM KENNETH WEBB RE:COPIES OF CIT.TO BE MAILED TO HIM/MAILED COPY OF BILL OF COST | |
| 05/10/2012 | WEBB,KENNETH GLENN | LETTER FROM KENNETH WEBB TO JUDGE SMITH RE:THANK YOU & WANTING TO KNOW WHAT TO DO NOW/JT | |
| 06/20/2012 | WEBB,KENNETH GLENN | LETTER FROM KENNETH WEBB:WANTING TO KNOW IF A HEARING HAS BEEN SET/JT | |
| 07/02/2012 | EASLEY,RELLIS LEON | LETTER FROM COURT TO KENNETH WEBB:HEARING WILL BE SET WHEN HE IS RELEASED FROM TDCJ/JT | |
| 07/02/2012 | WEBB,KENNETH GLENN | LETTER TO COURT FROM KENNETH WEBB:RE HEARING DATE/ JT | |
| 07/30/2012 | EASLEY,RELLIS LEON | LETTER TO JUDGE SMITH FROM ATTORNEY GEORGE N. HARWOOD/HE ENDED HIS REPRESENTATION WITH MR WEBB.. | |
| 07/30/2012 | EASLEY,RELLIS LEON | ...IN MAY OF 2011/JT | |



# WILLIAM D. SMITH
### DISTRICT JUDGE
### 84TH JUDICIAL DISTRICT
### HANSFORD - HUTCHINSON - OCHILTREE
### P.O. DRAWER 3437
### STINNETT, TX 79083

SPEARMAN
806-659-4160 • FAX: 659-2299
PERRYTON
806-435-8052
STINNETT
806-878-4022 • FAX: 878-3117

COURT ADMINISTRATOR
JAN M. LEWIS
COURT REPORTER
SANDRA L. QUILLEN
COURT BAILIFF
RICK GORDON

June 29, 2011

Mr. Kenneth Webb, #1454974
McConnell Unit
3001 South Emily Drive
Beeville, TX 78102

Re: Estate of Rellis Leon Easley
Cause No. CV04982
84th Judicial District Court, Hansford County, Texas

Mr. Webb:

The Court will consider ruling on the motions after proper notice and hearing.

Sincerely,

William D. Smith, Judge Presiding
84th Judicial District, Hansford County, Texas

WDS:jml

Cc: Kim Vera, Clerk
George Harwood
Cecil Biggers

Mr. Kenneth Webb
TDCJ-CID No. 1454974
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102


May 9, 2011


Ms. Kim Vera
County and District Clerk
Hansford County District Clerk's Office
# 15 NW Court
Spearman, Texas 79081


    RE:  Motion Filings; In the Estate of Rellis Leon Easley,
          deceased, cause No. CV-04982, 84th Judicial District
          Court, Hansford County, Texas


Dear Ms. Vera:


    Per Judge Smith's letter dated April 15, 2011 (See attached copy), please find enclosed for filing and presentation to the Court, the following Pro Se motions:

1. Movant's Demand for an Accounting of the Estate of Rellis Leon Easley, Deceased;

2. Movant's Motion to Officially Dismiss Movant's Attorney of Record, George Harwood;

3. Movant's Motion for the Court to Remove Independent Executrix Lou Walker from Her Position as Executrix of the Estate of Rellis Leon Easley;

4. Movant's Motion for the Court to Dismiss Estate Attorney of Record, Cecil Biggers; and

5. Movant's Summary Motion to remove Invalid or Unenforceable Child Support Lien.


                       Sincerely,

                       Kenneth Glenn Webb,
                       Movant, Pro Se

Mr Kenneth Webb
TDCJ-CID NO. 1454924
Connally Unit
899 FM 632
Kenedy Tx 78119

EXB #7 P.6
Look on Back

Ms. Kim Vera
Hansford County District Clerk
#15 NW Court
Spearman Tx 79081

Filed at 10° o'clock A.M., 12-20 A.D., 20 11
Kim Vera
Co/Dist Court Clerk, Hansford County Texas

Re. In the Estate of Rellis Leon Easley Deceased
Case No. CV.04982
84TH District Court Hansford County Texas

Dear Ms Vera

I am haveing such a hard time getting my fathers Probate tooken care of. I filed some motions May 20.2011

Can you please tell me, do I need to file Citation's/Summons with Notice's for the Judge Smith to Rule on the motions? I am trying to handle this the best I can. The Lawyer Mr Breegers and Mr Harwood Have not did nothing. I got the O.K. to proseed Prose from Judge Smith thats when I file the motions to get everything tooken care of. But the Judge said proper notice has got to be served. If this is the case please het me know the cost for a copy of all "5" motions and postage and I will have it mailed to you. Also I need 5 Sheriff Return that are 2011 or 2012 And I will get the Citation/Summons and Orders deen.

Respecfully
Kenneth Webb

Ex8
4

COPY

159

KIM VERA, Clerk
County and District Courts
#15 N.W. Court
Spearman, Texas 79081

HANSFORD COUNTY
806 659 4110   phone
806 659 4168   fax

March 22, 2012

KENNETH WEBB
TDC 1454974
Connally Unit
899 FM 632
Kennedy, Texas 78119

Mr. Webb:

We received your money order in the amount of $504.00 and your request for us to issue the citations. I need to request you to send me a list of the people you want served, their addresses and what motions you need for us to attach to the citations. I can mail your out of county citations by certified mail but I need all the names and address of the people you need served first, plus the motions you want attached. The fee for the out of county service is the same as our sheriff fee, $75.

When I receive your list I will promptly send them out by certified mail and return a copy to you.

Kim Vera, County/District Clerk
Hansford County

Ex 8
8



**WILLIAM D. SMITH**
DISTRICT JUDGE
84TH JUDICIAL DISTRICT
HANSFORD - HUTCHINSON - OCHILTREE
P.O. DRAWER 3437
STINNETT, TX 79083

SPEARMAN
806-659-4160 • FAX: 659-2299
PERRYTON
806-435-8052
STINNETT
806-878-4022 • FAX: 878-3117

COURT ADMINISTRATOR
JAN M. LEWIS
COURT REPORTER
SANDRA L. QUILLEN
COURT BAILIFF
RICK GORDON

April 15, 2011

Mr. Kenneth Webb, #1454974
McConnell Unit
3001 South Emily Drive
Beeville, TX 78102

Re:    Estate of Rellis Leon Easley
Cause No. CV04982
84th Judicial District Court, Hansford County, Texas

Mr. Webb:

Your letter and attachments have been filed with the Court. Copies have been forwarded to the attorneys. You may proceed as you desire.

Sincerely,

William D. Smith, Judge Presiding
84th Judicial District, Hansford County, Texas

WDS:jml

Cc:    Kim Vera, Clerk
George Harwood
Cecil Biggers

Ex 8
1

(62)



**WILLIAM D. SMITH**
DISTRICT JUDGE
84TH JUDICIAL DISTRICT
HANSFORD - HUTCHINSON - OCHILTREE
P.O. DRAWER 3437
STINNETT, TX 79083

SPEARMAN
806-659-4160 • FAX: 659-2299
PERRYTON
806-435-8052
STINNETT
806-878-4022 • FAX: 878-3117

COURT ADMINISTRATOR
JAN M. LEWIS
COURT REPORTER
SANDRA L. QUILLEN
COURT BAILIFF
RICK GORDON

October 28, 2011

Mr. Kenneth Webb, #1454974
Connally Unit
899 FM 682
Kenedy, TX 78119

Re:    Estate of Rellis Leon Easley
       Cause No. CV04982
       84th Judicial District Court, Hansford County, Texas

Mr. Webb:

The Court has no facilities to accommodate your request for teleconference. Notice is your responsibility. This is a civil <u>NOT</u> a criminal matter.

Sincerely,

William D. Smith, Judge Presiding
84th Judicial District, Hansford County, Texas

WDS:jml

cc:    Kim Vera, Clerk
       George Harwood
       Cecil Biggers

Mr. Kenneth Webb
TDCJ-CIO #1454974
Connelly Unit
899 FM-632
Kennedy Tx 78119


April 26-2012

Honorable William Smith
89th District Court
P.O. Box Drawer 3437

Re: Motion's I finally get served properly
as you Requested. CV-04982

Dear Judge Smith

Sir I wanted to say thank you for being so patient
with me on getting the 5 motion's I put together properly
served with Summons + Citation's in Order.
Sir I want you to know I have did my best in getting
this stuff together All I ask is please read each Motion
carefully with Exibits.
I really don't know how things work from here If you
could please inform me of the I should would be thankfull

Much Respect,

Copy Mailed
4-26-2012

Kenneth Webb
TDC# 1454974
Connally Unit
899 FM 632
Kennedy Tx. 78119

copy mailed
6-13-2012

June 12, 2012

To: Honorable Judge William Smith
84th District Court
P.O. Drawer 3437
Stinnett tx. 79083.

Re. Ruleing on 5 defront
Motions that was served
4-9-12, 4-10-12 CV-04982

Sir I have not heard nothing from you or the Court
about setting a date for a hearing on the Motions el
had served 4-9-12, and 4-10-12 with Citations
this case has ben in your Court for 4 years. Please Sir
I am trying Do my best to show the Court my problem
this is all dealing with my father Estate Mr Rellis lean Easley

The most Inportent Motion el need a Ruleing on in the
Summary Motion to Remove Invalid or Unenforceable child
Suport liem

Can you please Let me know what is going on
with this case CV.04982 Thank you.

with Respect
Kenith

Ex8
9

163



**WILLIAM D. SMITH**
DISTRICT JUDGE
84TH JUDICIAL DISTRICT
HANSFORD - HUTCHINSON - OCHILTREE
P.O. DRAWER 3437
STINNETT, TX 79083

SPEARMAN
806-659-4160 • FAX: 659-2299
PERRYTON
806-435-8052
STINNETT
806-878-4022 • FAX: 878-3117

COURT ADMINISTRATOR
JAN M. LEWIS
COURT REPORTER
SANDRA L. BOYD
COURT BAILIFF
RICK GORDON

June 25, 2012

Mr. Kenneth Webb, #1454974
Connally Unit
899 FM 632
Kennedy, TX 78119

Re: Estate of Rellis Leon Easley
Cause No. CV04982
84th Judicial District Court, Hansford County, Texas

Mr. Webb:

The Court will set the motions at your request **when you are available to appear, following your release from Texas Department of Criminal Justice, Institutional Division**.

Sincerely,

William D. Smith, Judge Presiding
84th Judicial District, Hansford County, Texas

WDS:jml

cc: Kim Vera, Clerk
George Harwood
Cecil Biggers

UNIT COPY        T.D.C.J.-I.  TUTIONAL DIVISION     07/16/2014-216
ITS40952                       . TIMESLIPS

WEBB,KENNETH GLENN                  TDC:01454974 SID:03927238 UNIT: CY
                                    HOUSING/BED:      8K11    T05

*PRJ-REL-DATE:      10 13 2077      MAX-EXP-DATE:     02 08 2082
*INMATE STATUS:     L3 W            MAX TERM:            75 00 00


   FLAT  TIME CREDITED:     7 05 06  CALC BEGIN DATE:  02 09 2007
   GOOD  TIME CREDITED:     2 03 06  TDC RECEIVE DATE: 09 18 2007
   BONUS TIME CREDITED:     0 00 00  GOOD TIME LOST:        577
   WORK  TIME CREDITED:     2 00 21  WORK TIME LOST:        193
*TOTAL  TIME CREDITED:    11 09 03